KNOLL, Judge.
Joseph D. Francis was charged by bill of information with attempted second-degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. After trial by jury, defendant was found guilty as charged, and sentenced to serve thirty (30) years at hard labor. Defendant appeals, alleging three assignments of error.
FACTS
In the early morning hours of February 5, 1989, defendant and the victim, Deforris Richard, were at Johnny’s Bone Shaker Lounge in Lafayette, Louisiana. As Richard was preparing to shoot pool, he and defendant exchanged words and then became involved in an altercation. Claude Francis, the man who ran the lounge, stopped the fight. After the fight, both men left the lounge and later met on the street about a mile away from the lounge. The record is unclear whether a verbal altercation also occurred while defendant and Richard met in the street. Nevertheless, after the street meeting, Richard returned to Johnny’s.
Approximately one-half hour after the fight, as Richard was walking toward the pool table in the game room of Johnny’s, he looked up and saw defendant in the rear door of the lounge. Richard testified that he saw defendant reach into his jacket and pull out “his chrome”. Richard attempted to run out the front door of the lounge, but before he reached the door, defendant shot him in the lower part of the back.
The police were summoned and Richard was transported by ambulance to the hospital. X-rays located the bullet at the left side of Richard’s spine. As a result of the shooting, Richard is now a paraplegic, and is confined to a wheelchair.
CROSS-EXAMINATION OF STATE WITNESSES
Defendant contends that the trial court erred by refusing to allow him to question two State witnesses, Deforris Richard and Aaron James Parker, about any prior arrests, indictments, bills of information, or prosecution in which they were named as defendants.
In particular, defendant argues that Parker, a witness to the present crime, and the victim acted in concert on an earlier occasion which culminated in their being charged for the unauthorized use of a movable. That charge was dismissed on November 10,1987. Defendant’s argument to the trial court in the present case was that he did not shoot Richard, and that Richard and Parker were trying to frame him. Accordingly, defendant contends that the exclusion of this evidence deprives him of presenting his main defense.
At the outset we note that Aaron James Parker did not testify in this case. Accord *259 ingly, we find defendant’s argument is not properly before us.
In denying defendant’s motion to examine Richard, the trial court said that State v. Robinson, 337 So.2d 1168 (La.1976), recognized that it was permissible to impeach a witness by establishing prior arrests for the limited purpose of showing bias, interest, or corruption. Nevertheless, the trial court found Robinson inapplicable to the case sub judice because the arrest upon which the victim was sought to be cross-examined did not show personal interest or particular interest of either the victim or the witness to the crime.
In State v. Robinson, supra at pages 1169 and 1170, the Louisiana Supreme Court stated:
“The defendant contends that the trial court erred to permit impeachment of his witness by cross-examination of her as to the prior arrest. In so doing, the defendant relies upon the explicit provision of La.R.S. 15:495: ‘Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness.’ (Italics ours.)
In so doing, the defendant overlooks that this limitation upon the use of arrests in impeachment applies only to the method of impeaching the credibility of a witness by his prior conviction of a crime. Irrespective of its relevance to the present prosecution, a conviction per se historically is a relevant factor for the jury’s evaluation of a witness’ credibility. However, other accepted methods of impeaching the credibility of a witness include: ... or (relevantly to the present issue) by showing that the witness is biased or interested in the special case on trial because of partiality or of any acts, relationships, or motives reasonably likely to produce it, ...
With regard to this latter method of impeachment, the decisions of Louisiana jurisprudence have generally permitted full scope of cross-examination in the interests of exposing, for jury evaluation, any bias or interest of the witness which might influence his perceptions or color his testimony.
On the other hand, the bias permitted to be exposed must be personal against the defendant rather than general in nature, and the interest must be particular as to the case; therefore, general prejudices or special biases or interests too irrelevant to or too remote to the issues of the case at trial have been considered improper as impeachment for this purpose.” (Citations omitted.)
On this basis, this court has previously held that cross-examination regarding an arrest of a witness is not precluded if it is used to demonstrate leverage the district attorney has over the witness as a result of a pending charge. But, the cross-examination is precluded when the questions are asked to impeach a witness’ general credibility. State v. Landry, 524 So.2d 1261 (La.App. 3rd Cir.1988), writ denied in part, 531 So.2d 254 (La.1988).
In the present case, it is clear that the State had no leverage over the victim. The prior charge against Parker was dismissed on November 10, 1987, and the attempted second-degree murder for which defendant was charged did not occur until February 5, 1988. As pointed out by the trial court, “... the victim needs no leverage in order to testify.”
This assignment of error is without merit.
STATE'S CLOSING ARGUMENT
Defendant, took the stand and testified in his own behalf. Defendant contends the trial court erred in failing to find prosecu-torial misconduct in the State’s closing argument. The defendant contends that during the State’s closing argument, the prosecutor stated that the reason he interjected defendant’s prior conviction for simple battery and other misdemeanors on cross-examination of defendant was to show defendant’s tendencies for aggression. Defense counsel objected to this argument, and at a bench conference moved for a mistrial. Although the trial court ultimately denied the motion for a mistrial, it instructed the jury to disregard the State’s comments.
*260 LSA-C.Cr.P. Art. 770 provides, in pertinent part:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* Sfc ⅜ * Sfc *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; _” (Emphasis added.)
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when trial error results in substantial prejudice to the defendant, depriving him of the reasonable expectation of a fair trial. State v. Harris, 383 So.2d 1 (La.1980).
The pertinent part of the State’s closing argument which defendant claims is improper is as follows:
“We have four (4) eye witnesses [sic], including the victim, putting the man there with the gun. Nothing contradicted that except the defendant himself. That is a self-serving statement. Because if he knows if he does not say that, he is going to jail. He does not want to go to jail. And I submit to you, who does? He will say anything to stay out of jail. Judge his credibility from that, self-serving. Okay. Plus he was not even consistent with his own witnesses. He did not want to admit to you at first that he was guilty of these simple batteries, which shows some aggression. Okay. That’s the only reason why I brought that up. Even though one (1) of them was last year, and a couple of them were fourteen (14) years ago. It shows that he has tendencies for aggression. That’s all I brought that up for.”
In the case sub judice, the defendant testified in his own behalf. On direct examination, he denied having two convictions for simple battery. However, on cross-examination, defendant admitted to convictions for the illegal possession of firearms and a simple battery in 1987, together with simple battery convictions on December 31, 1974, and February 21, 1975. There is no doubt that the State was entitled to cross-examine defendant concerning his previous convictions to impeach his credibility as a witness. LSA-R.S. 15:495 (now repealed and replaced by LSA-C.E. Art. 609.1); State v. Whitley, 296 So.2d 820 (La.1974).
It is clear that since the evidence of other crimes was admissible to question defendant’s credibility, no ground for a mistrial resulted from the State’s remarks that these other crimes showed defendant’s aggression. LSA-C.Cr.P. Art. 770 is simply inapplicable. State v. White, 301 So.2d 321 (La.1974). The sole possible error was that the jury could have interpreted the State’s comments to mean that it was permissible to consider defendant’s prior aggressive acts on the question of his guilt or innocence in the present case. Any possible prejudice flowing from the State’s comment in closing argument was cured by the trial judge’s admonition to the jury not to consider the State’s purpose for introducing the defendant’s convictions. LSA-C. Cr.P. Art. 771; State v. Calloway, 324 So.2d 801 (La.1976).
This assignment of error lacks merit.
EXCESSIVE SENTENCE
Defendant contends that the sentencing court erred in sentencing him to serve thirty (30) years at hard labor on his conviction of attempted second-degree murder.[1] In particular, he contends that the sentence is excessive.
The maximum sentence which defendant could have received for attempted second-degree murder was 50 years at hard labor. LSA-R.S. 14:27 and 14:30.1. Accordingly, the 30 year sentence defendant received was clearly within the statutory limits. *261 The law and jurisprudence involving the imposition of sentences within the statutory limits are well established and will not be reiterated herein. See State v. Robicheaux, 412 So.2d 1313 (La.1982).
As seen from the following sentencing colloquy, the sentencing court fully complied with LSA-C.Cr.P. Art. 894.1 and individualized the sentence to defendant:
“Let the record reflect that the Court has received and studied the presentenee investigation report submitted by the Department of Public Safety and Corrections.
* * * * * *
The Court will now sentence the defendant in accordance with Code of Criminal Procedure Article 894.1, having taken into account the following factors: Based on the defendant’s previous record, the Court finds that there is an undue risk that if suspended sentence or probation were granted in this case, defendant would commit another crime.
The Court does feel that the defendant is in need of correctional treatment and a custodial environment that can be provided most effectively by his commitment to the Department of Corrections.
The Court feels that this is a serious crime. And a sentence less than what the Court will impose might serve to derogate the seriousness of the crime. In this crime, a person was left paralyzed and in a wheelchair for life.
The Court finds that the defendant’s criminal conduct did indeed cause serious harm. Based on the weapon that was used, a pistol, the Court must find that the defendant contemplated that his conduct would cause serious harm. The Court finds that there was some provocation which resulted in the conduct of the defendant. Obviously, the provocation was not sufficient to constitute a defense with the jury. The Court does find that there was an altercation. There were words spoken, and perhaps, a physical altercation based on the evidence at the trial constituted some provocation. Even in light of the provocation, the Court does not find that there were substantial grounds which might tend to excuse or justify the criminal conduct in this particular case. There was no evidence in the case that the defendant has or will compensate the victim in any manner for his criminal conduct for the injury that was caused.
The Court finds that the defendant has a history of prior criminal activity, going back a substantial period of time, prior to the commission of the instant crime. The Court might add that the defendant’s criminal record indicates a progressively worsening situation. That is, the crimes committed began with petty crimes. He has graduated, it appears, to crimes of violence, including three (3) previous crimes against a person.
The defendant, the Court might add, has shown nothing or said nothing, either at the trial or at this hearing or sentencing, to indicate that he is unlikely to commit another crime. That is, the Court has not seen a great deal of remorse on the part of the defendant.
There’s been no evidence that imprisonment of the defendant would entail excessive hardship on himself or to his dependents.”
After thoroughly reviewing the record of this case, we find that the trial court did not abuse its discretion in sentencing defendant to serve 30 years at hard labor.
This assignment of error lacks merit.
ERRORS PATENT REVIEW
We have likewise carefully reviewed the record as directed by LSA-C.Cr.P. Art. 920(2) and find no errors patent on the face of the record.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Although the State also filed a bill of information against defendant seeking enhancement of his sentence under LSA-R.S. 14:95.2 (now repealed by Acts 1988, No. 319, Sec. 2), the State did not pursue this enhancement at the sentencing hearing and did not appeal the trial court’s failure to impose such an enhancement. Accordingly, this issue is not before us.