598 So.2d 639 (1992)
STATE of Louisiana
v.
Irvin John THOMAS.
No. Cr91-716.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*640 Bobby Pitre, Lake Charles, for defendant.
Paul Reggie, Asst. Dist. Atty., Lake Charles, for plaintiff.
Before DOUCET, KNOLL and JOSEPH E. COREIL[*], JJ.
JOSEPH E. COREIL, Judge Pro Tem.
On May 21, 1986, the defendant, Irvin John Thomas, and Karen Stevenson were arrested for possession of a controlled dangerous substance with intent to distribute. On July 16, 1987, after a jury trial, Thomas was found guilty of nine counts of possession of a controlled dangerous substance (CDS) with intent to distribute and three counts of possession of CDS. Subsequently, he was found to be an habitual offender. On October 13, 1987, Thomas was sentenced to serve 96½ years imprisonment. Aggrieved by his conviction, Thomas appeals. Finding no error in the lower court, we affirm.

FACTS
On the morning of May 21, 1986, Federal Express employees contacted the Louisiana State Police and the Lake Charles Police Department, notifying both that a package addressed to "Mr. T's Taxi Service" in Lake Charles, Louisiana, appeared to contain illegal narcotic drugs. Sergeant Dan Dougharty of the Louisiana State Police, Narcotics Division, was called to examine sample pills and tablets taken from the package by the local office manager of Federal Express in Lake Charles. The Federal Express employees told Sergeant Dougharty that they had delivered numerous similar packages to that address. After identifying the pills and tablets as pentazocine, a controlled narcotic, a controlled delivery of the package was made by Federal Express. Sergeant Dougharty accompanied the Federal Express courier on the delivery.
In the meantime, the Lake Charles Police Department prepared a search warrant for that address, which was executed immediately following the controlled delivery of that package. A search of the premises resulted in the discovery of a large number of narcotic pills and tablets, including those contained in the Federal Express package delivered that day. Thomas was placed under arrest along with Karen Stevenson.
*641 The investigation resumed again on June 7, 1986. On that date, Karen Stevenson, still incarcerated as a result of the raid on Mr. T's Taxi Service, called Officer Jerome Segure of the Louisiana State Police, who had been involved in the initial investigation leading to the arrests of both Thomas and Stevenson. The search warrants were executed and resulted in the discovery of a large quantity of illegal narcotics and cocaine.
A jury trial commenced on July 6, 1987. During the course of the trial, the defendant's attorney was shown numerous documents which he had not seen before. A motion for mistrial was filed by defendant's attorney, contending that the district attorney's office had failed to provide him with all discoverable material pursuant to his motion for discovery and inspection and, as a result, it prevented Thomas from properly preparing his defense. The trial judge denied the motion.
Thomas was subsequently found guilty of nine counts of possession of CDS with intent to distribute and three counts of possession of CDS.
On October 1, 1987, an habitual offender hearing was held. Based on the evidence and testimony, Thomas was found to be an habitual offender. The sentencing hearing was held on October 13, 1987, and the trial court imposed sentences which ran consecutively and totaled ninety-six and one-half years.

DISCUSSION
Defendant raises the following three issues for review:

ISSUES

1.
Whether the sentence imposed by the trial court is unconstitutionally excessive and constitutes cruel and unusual punishment.

2.
Whether the trial court erred by refusing to grant a mistrial because the State of Louisiana failed to provide defendant with a substantial part of discoverable material used during trial.

3.
Whether the trial court erred by refusing to suppress evidence obtained through an illegal search and seizure and a defective search warrant.

1.
By his first assignment of error, Thomas contends the sentence imposed by the trial court is unconstitutionally excessive and constitutes cruel and unusual punishment. Thomas also contends that there is no adequate factual basis for the sentence imposed and that the trial court did not follow the sentencing guidelines set forth in La.C.Cr.P. art. 894.1. Defendant further contends that, because of his age, he will be unable to serve the entire sentence since he does not have that great of a life expectancy. Therefore, the sentence imposed is clearly excessive and constitutes cruel and unusual punishment. Thomas contends that the trial judge abused his discretion when sentencing him. Thomas also asserts that imposing a sentence without benefit of probation or parole after Thomas was declared an habitual offender was a patently illegal sentence.
Thomas was found guilty of three counts of possession of pentazocine with intent to distribute, in violation of La.R.S. 40:967 A(1). The penalty provides that Thomas could have been sentenced to serve imprisonment at hard labor for not less than seven years nor more than ten years, to be served without benefit of parole, probation, or suspension of sentence, and in addition, to pay a fine of not more than fifteen thousand dollars. Thomas was sentenced to serve eight years imprisonment at hard labor on each of the three counts.
Thomas was found guilty of three counts of possession of phenmetrazine with intent to distribute, also in violation of La.R.S. 40:967 A(1). The penalty provides that Thomas could have been sentenced to serve imprisonment at hard labor for not more *642 than ten years and, in addition, to pay a fine of not more than fifteen thousand dollars. Thomas was sentenced to serve five years imprisonment at hard labor on each of the three counts.
Thomas was found guilty of two counts of possession of cocaine with intent to distribute, again in violation of La.R.S. 40:967 A(1). Thomas was sentenced to serve fifteen years on one of the counts. On the other count, he was sentenced as a second felony offender under La.R.S. 15:529.1. He was sentenced to serve thirty years imprisonment at hard labor on this count.
Thomas was found guilty of one count of possession of codeine with intent to distribute, in violation of La.R.S. 40:968 A. The penalty provision provides a sentence of imprisonment at hard labor for not less than five years nor more than thirty years and, in addition, a fine of not more than fifteen thousand dollars. Thomas was sentenced to serve five years imprisonment at hard labor.
Thomas was found guilty of one count of possession of butalbital, in violation of La. R.S. 40:968 C. The penalty provision of that article provides that Thomas could have been sentenced to serve imprisonment, with or without hard labor, for not more than five years and, in addition, to pay a fine of not more than five thousand dollars. Thomas was sentenced to serve two and one-half years imprisonment.
Thomas was found guilty of one count of possession of alprazolam and one count of possession of diethylpropion, in violation of La.R.S. 40:969 A(1). The penalty provides that Thomas could have been sentenced to serve imprisonment, with or without hard labor, for not more than five years and, in addition, to pay a fine of not more than five thousand dollars. Thomas was sentenced to serve two and one-half years imprisonment on each of the counts.
All of Thomas' sentences are to run consecutively, for a total of ninety-six and one-half years. The penalty provisions provide that Thomas could have been sentenced to serve imprisonment up to one hundred and seventy-five years, and to pay fines.
In this case, the trial judge articulated his reasons for sentencing as required under La.C.Cr.P. art. 894.1 as follows:
"THE COURT: And the jury convicted you of twelve counts and since then we had a multiple offender bill filed and that has been proven to be correct. I've run over in my mind some of the things that we ought to think about. Well, first of all, you know, you have a long history of criminal activity. In fact, I think you've been to what, the Louisiana State pen twice or three times. You've served time in California, and you have, as I say, a very long history of criminal activity and what we call an habitual offender. Certainly, you're not entitled to probation at all and I was looking at some of the grounds for considering why a sentence should be probated. I realize they're not applicable here, but some of the reasons, and one of them is that the defendant's criminal conduct neither caused nor threatened serious harm to others and certainly that is not the case in your instance because selling and dealing in drugs certainly harms many, many people and also the fact that you acted under strong provocation. I think the only provocation was probably your own greed or wealth or to gain money, and I know of no grounds to excuse or justify your conduct and certainly there is a very high likelihood of you committing other offenses if you were to get out of the prison system too soon. In thinking of all these things and the impact on this community, the Court will sentence you"
Although not making an explicit reference to La.C.Cr.P. art. 894.1, the trial judge did make reference to art. 894.1 when he stated:
"Madam Clerk, here are my notes and everything that I used in sentencing, and sentencing under Article 894.1 when I considered it. Here are all of the things that I used. Thank you." (tr.p. 3494).
While the trial judge did not enumerate each of the statutory guidelines, he adequately explained his reasons for imposing the sentence. The sentence is not grossly disproportionate to the severity of these crimes; it does not shock one's sense of *643 justice; and it is not excessive. The record provides an adequate factual basis for the sentences imposed.
Additionally, Thomas' sentences, totalling ninety-six and one-half years, were within the range of the possible maximum sentence for each count. In light of the trial judge's careful consideration of the relevant aggravating and mitigating factors, and the sentences for each count were in the lower range of possible sentences, we do not feel that Thomas' sentences are an abuse of discretion.
Addressing Thomas' assertion that the judge imposed the sentence without benefit of probation or parole, we find no merit. The record indicates that the trial judge did not impose any sentence without benefit of probation or parole. In fact, the sentences imposed for possession of Pentazocine with intent to distribute carries with it no benefit of probation, parole, or suspension of sentence. Therefore, the three eight-year sentences for possession of Pentazocine with intent to distribute are illegally lenient sentences because they were not imposed without benefit of parole, probation, or suspension of sentence. A sentencing error favorable to Thomas cannot be considered on appeal where it is not raised as error by Thomas or the State. State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991); State v. Fayard, 537 So.2d 347 (La.App. 4 Cir.1988), writ denied, 541 So.2d 871 (La.1989), reconsideration denied, 543 So.2d 10 (La.1989).

2.
By his second assignment of error, Thomas contends that the trial court erred by refusing to grant a mistrial because the State failed to provide defendant's attorney with a substantial part of discoverable material used during trial. During the course of the trial, defendant was shown numerous documents from Federal Express which he had not seen before. Thomas contends that these documents were in the possession of the prosecution and they were not forwarded to defense counsel. Thomas asserts that the State had a continuing duty to disclose any additional evidence under La.C.Cr.P. art. 729.3. Thomas contends that he misapprehended the strength of the State's case and was prohibited from preparing a proper defense. Therefore, he asserts, the trial judge should have granted the mistrial since Thomas is prejudiced by the failure to disclose.
The regulation of discovery is covered by La.C.Cr.P. art. 718, which provides:
"Art. 718. Documents and tangible objects
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection. Added by Acts 1977, No. 515, § 1."

In the State's answer to defendant's discovery motion, the State gave Thomas a blanket authorization to inspect any documents which were in the State's possession. The State also turned over five large envelopes of discoverable material before the trial started. Additionally, defendant's counsel had been informed, at a prior motion hearing, of the large volume of documents in the State's possession, including the records from Federal Express. The record indicates that defense counsel had access to inspect any and all documents which were in the State's possession. In State v. Cargille, 507 So.2d 1254 (La.App. 3 Cir.1987), writ denied, 512 So.2d 1175 (La.1987), the court held that La.C.Cr.P. *644 art. 718 was satisfied when the State gave access to all documents in the State's custody to defendant, Cargille. In this case, Thomas was given a chance to inspect and copy all documents in the State's possession. This satisfies La.C.Cr.P. art. 718.
The granting of a mistrial is governed by La.C.Cr.P. art. 775. A mistrial is a drastic remedy and, except in instances in which a mistrial is mandatory, is warranted only when the trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Francis, 554 So.2d 257 (La.App. 3 Cir.1989). A mistrial should be declared only when unnecessary prejudice results to the accused; such determination lies within the sound discretion of the trial judge and will not be disturbed absent an abuse of that discretion. State v. Alexander, 351 So.2d 505 (La.1977); State v. Kohl, 524 So.2d 781 (La.App. 3 Cir.1988). There is nothing in the record to indicate that the trial judge abused his discretion in denying Thomas' motion for mistrial when considering the evidence presented at the hearing, and the fact that Thomas had a blanket authority to inspect any and all evidence. Further, some of the materials were subject to pretrial motions wherein Thomas saw the documents. We find no prejudice has been shown by Thomas. The trial court correctly denied Thomas' motion for mistrial. This assignment of error lacks merit.

3.
By Thomas' third assignment of error, he contends that the trial court erred by refusing to suppress evidence obtained through an illegal search and seizure and a defective search warrant. Thomas contends the search warrant was not based upon probable cause obtained through independent police work, since it was Ms. Stevenson who provided the information to the detectives. Thomas also questions the validity of the informant's information in light of the fact that she was also arrested as a result of the May 21 raid. Since the information provided by the informant was not corroborated by independent police work, defendant contends the search warrant was defective. The trial court correctly denied the search was illegal.
Thomas questions the reliability of the informant named in the application. However, Thomas has failed to show that the affiant officers were not in good faith in their representations to the judge.
A search warrant cannot be issued absent a finding by the judge, based upon the affidavit of a credible person, of probable cause. La. Const. Art. 1, § 5; La.C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morris, 444 So.2d 1200 (La.1984). Affidavits must be read in a common sense and realistic manner, and the magistrate's judgment as to probable cause should be based on a reading of the entire affidavit. State v. Schaeffer, 414 So.2d 730 (La.1982).
While it is true that the informant was arrested with Thomas, there is nothing to establish she had hidden motives. If the informant is reliable and personally observed the contraband, there is probable cause. State v. Duncan, 420 So.2d 1105 (La.1982). In the application for the search warrants in question, the affiant stated with particularity the premises to be searched and the particular places where the contraband seized was located.
In this case, the officers had never used Ms. Stevenson as an informant before. This, again, does not mean that there was no probable cause to issue the search warrant. The information given by the informant was believed to be trustworthy because what the informant told the authorities could only have been known by someone close to Thomas. The officers used the informant's information and, together with their independent observations, believed that there was sufficient probable cause for the issuance of the search warrant.
*645 Thomas' attempts to question the reliability and credibility of the informant are not supported by the record. The underlying circumstances and details set forth in the affidavit are sufficient to provide a substantial factual basis by which the judge could find reliable both the informant and the information given by her. La. C.Cr.P. art. 162; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Moreover, it is well settled that the credibility of the affiant's informant may not be attacked on a motion to suppress. State v. Williams, 366 So.2d 1369 (La. 1978); State v. Tassin, 343 So.2d 681 (La. 1976).
Therefore, for the above reasons, this assignment of error is also without merit.
A review of the record indicates no other errors patent except for the illegally lenient sentences we have previously discussed in assignment of error # 2.
Defendant's convictions and sentences are hereby affirmed.
AFFIRMED.
NOTES
[*] JUDGE JOSEPH E. COREIL, Retired, participated in this decision by appointment of the Louisiana Supreme Court, as Judge Pro Tempore.