414 So.2d 1245 (1982)
STATE of Louisiana
v.
Leon WALKER.
No. 81-KA-2253.
Supreme Court of Louisiana.
May 28, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Ruteldge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., William E. Woodward, A. Z. Butterworth, Asst. Dist. Attys., for plaintiff-appellee.
George H. Ware, Jr., Clinton, for defendant-appellant.
PER CURIAM.
Defendant was charged by grand jury indictment with armed robbery in violation of La.R.S. 14:64. After trial by jury on June 1, 1981, he was found guilty as charged. On June 24, 1981, the trial court sentenced him to thirty-five (35) years' imprisonment at hard labor. Defendant has now appealed his conviction and sentence to this Court urging six assignments of error. We have reviewed defendant's assignments as they relate to the jury's verdict and find them without merit. We therefore affirm his conviction. However, we find that in imposing an apparently severe sentence on defendant, the trial court failed to weigh "... not only the circumstances militating for incarceration, but also any mitigating factors." State v. Franks, 373 So.2d 1307, 1308 (La.1979). Accordingly, we vacate defendant's sentence and remand for resentencing.
At the hearing on June 24, 1981, the trial court observed that defendant committed the armed robbery against an elderly woman who had managed a small grocery store for "60 to 70 years." It also noted that while defendant was a young first offender and that his crime "was perhaps a one time event," the mitigating factors listed in La. C.Cr.P. Art. 894.1(B) were "not applicable because [the statute] sets forth guidelines for suspension of sentence which is not applicable in this case [under La.R.S. 14:64]."
However, in State v. Sepulvado, 367 So.2d 762, 767, 769 (La.1979), this Court held that the guidelines provided in La.C.Cr.P. Art. 894.1 furnish the appropriate criteria "... by which to review whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." [emphasis *1246 supplied]. A trial court may not, therefore, ignore the mitigating circumstances listed in Art. 894.1(B) even when its sentencing alternatives have been narrowed to a determination only of the length of sentence imposed. State v. Dunns, 404 So.2d 1235 (La.1981); State v. Saunders, 393 So.2d 1278 (La.1981); State v. Franks, supra.
In this case, the trial court mentioned briefly some of the mitigating circumstances favoring defendant, especially his youth and status as a first offender. Nevertheless, its reasons indicate that it may not have followed the directive of Art. 894.1(B) that "[t]he following grounds, while not controlling the discretion of the court shall be accorded weight in its determination...." [emphasis supplied]. We therefore vacate the sentence imposed and remand the case for resentencing in accord with the views expressed herein.
CONVICTION AFFIRMED: SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
MARCUS, WATSON and LEMMON, JJ., dissent from that portion of the opinion vacating the sentence.