GAUDIN, Judge.
Larry Davis was convicted of distribution of cocaine (LSA-R.S. 40:967 A) and sentenced to 10 years at hard labor. We affirm.
On appeal, he assigns these errors:
(1) the evidence did not support a conviction,
(2) the trial judge erred in allowing the jury access to written evidence, and
(3) a mistrial should have been declared because of the prosecuting attorney’s closing argument in which reference was allegedly made to Davis’ failure to testify.
ASSIGNMENT NO. 1
This assignment of error challenges the sufficiency of evidence which caused the jury to convict. According to prosecution testimony, Davis was a principal in the sale of cocaine to an undercover City of Gretna police officer.
The officer testified that she purchased, with marked bills, so-called “rocks” of crack cocaine from Davis and Troy Darens-burg. While Darensburg was the prime suspect and may possibly have played a larger role in the actual transaction, Davis was at the scene, standing just outside the vehicle where the sale took place, and he was handed $300 in marked money Darens-burg had just received from the undercover officer. When Darensburg drove to the Fischer Project to obtain additional “rocks” to sell to the undercover officer, Davis accompanied him. A short while later, moments before Darensburg and Davis were arrested following a brief automobile pursuit, Davis threw something from the car.
Viewing the testimony and evidence in the light most favorable to the prosecution, the jury could have found Davis guilty beyond a reasonable doubt of every element of the crime charge, as required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See also State v. Mussall, 523 So.2d 1305 (La.1988), and State v. DiLosa, 529 So.2d 14 (La.App. 5 Cir.1988), writs denied at 538 So.2d 1010 (La.1989).
A defendant may be found guilty as a principal if he aids and abets in the distribution or if he directly or indirectly counsels or procures another to distribute a controlled dangerous substance as cocaine. See LSA-R.S. 14:24.
The state contends that Davis was “a combination of lookout and recipient of the money.” The jury, as rational triers of fact, could have found Davis guilty as a principal based on the physical evidence and the testimony of the undercover officer.
ASSIGNMENT NO. 2
Generally, a jury is not permitted to view written evidence. LSA-C.Cr.P. art. 793 reads:
“A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.”
The trial judge, exercising his discretion, allowed the jury to review Xerox copies of two $100 bills and a currency list contain *152 ing serial numbers of paper money found by detectives in Davis’ pants pocket.
If this was an abuse of discretion, and we are not saying that it was, the error was harmless. Witnesses had testified about the Xerox copies and the currency list and there was nothing on or contained in this evidence that should have been excluded from the jury’s consideration. Certainly the documents were not requested for a prohibited examination of their verbal contents.
ASSIGNMENT NO. 3
On rebuttal in his closing argument, the prosecutor said:
“Now, did you hear any evidence, any explanation for that money being found on Larry Davis? Not one word came from that witness stand. Not one. And look, he had the guy up there. He had the guy up there that could have explained it. Now, why didn’t he ask that question? Why didn’t he ask, ‘Did you lend Larry Davis money? Did he owe you money?’ ”
Defense counsel objected to the statement and requested a mistrial, which was denied. Thereafter, the prosecutor continued:
“As I was saying, you didn’t hear any evidence about how that got there, except from who, the State’s witnesses. That’s the only explanation you ever heard, from the State’s witnesses.... ”
Subsequently, Davis’ attorney renewed his objection without success.
LSA-C.Cr.P. art. 770 prohibits a prosecuting attorney from directly or indirectly commenting about the failure of a defendant to testify in his own behalf. In State v. Johnson, 541 So.2d 818 (La.1989), the Supreme Court of Louisiana reversed a murder conviction primarily because of the state attorney’s closing remarks. There the prosecutor said:
“Nobody came here and contradicted anything that was attributed to him, not one single person. Nobody took the stand.”
The Supreme Court then discussed the differences between direct and indirect references. In Johnson, the reference was direct. In Davis’ case, he claims the reference was indirect and therefore improper. The Court stated in Johnson:
“In cases where the prosecutor simply emphasized that the state’s evidence was unrebutted, and that there were witnesses other than the defendant who could have testified on behalf of the defense but did not do so, we have held that the prosecutor’s argument did not constitute an indirect reference to the defendant’s failure to take the stand ...
“On the other hand, where the defendant is the only witness who could have rebutted the state’s evidence, a reference to the testimony as uncontroverted focuses the jury’s attention on the defendant’s failure to testify and mandates a mistrial.”
Here, the challenged statements did not constitute an indirect reference. The prosecutor was answering defense counsel’s argument that the marked money found on Davis could have been owed or loaned to him. “The guy up there who could have explained it,” according to the prosecuting attorney, was Darensburg not Davis.
Finding no substance in this and the proceeding assignments of error and discovering no errors patent, we affirm Davis’ conviction.
AFFIRMED.