L CANNELLA, Judge.
Defendant, Dwayne Rodriguez, appeals from his re-sentencing to 37 years imprisonment at hard labor, on remand from this court, after being convicted of racketeering and adjudicated a second felony offender. For the reasons which follow, we affirm.
*528 The appeal from Defendant’s convictions and sentences for nine counts of distribution and/or possession with the intent to distribute cocaine and one count of racketeering was considered by this court in an opinion dated January 25, 2000. State v. Rodriguez, 99-0996 (La.App. 5th Cir.1/25/00), not designated for publication.[1] In the opinion, this court affirmed Defendant’s ten convictions, sentences and adjudication as a second felony offender, but vacated and set aside his enhanced sentence because the trial court failed to specify which sentence was being enhanced. The case was remanded for re-sentencing.
li,On remand, the trial court vacated Defendant’s sentence on the racketeering conviction and imposed the enhanced sentence of 37 years imprisonment at hard labor, with credit for time served. It is from this resentencing that Defendant appeals herein.
The facts of the case are fully set out in the above cited opinion and, since they are not pertinent to this appeal, will not be repeated herein. In this appeal from the resentencing, Defendant’s appellate counsel filed an Anders[2] brief, asserting that, after a detailed review of the record, he could not find any ruling of the trial court or non-frivolous issue to raise on appeal. Defendant’s counsel has also filed a Motion to Withdraw from the case.
After receiving the appellate brief, this Court sent Defendant a letter, by certified mail, informing him of counsel’s brief and granting him until September 5, 2000 to file a supplemental brief. The Defendant has not filed a supplemental brief. An examination of the record in this case was conducted by this Court and no non-frivolous issues were found.
Defense counsel points out in brief, in an abundance of caution, that trial counsel did file a motion to reconsider sentence on the grounds that the sentence was excessive.
We find no merit in Defendant’s argument that his sentence, 37 years at hard labor as a second felony offender, to the offense of racketeering, is excessive. The sentencing range for the offense was between a minimum of 25 years imprisonment at hard labor and a maximum of 100 years. La. R.S. 15:1354(A) & La. R.S. 15:529.1(A)(l)(a). Defendant was simultaneously convicted of nine counts of distribution and/or possession of cocaine with intent Rto distribute. Furthermore, in an opinion previously rendered by this Court, we affirmed a 50 year sentence for a co-defendant in this case. State v. Bailey, 97-302 (La.App. 5th Cir.4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. Accordingly, we find no merit to this issue.
We have also reviewed the record for errors patent in accord with La.C.Cr.P. art. 920. We note that, following sentencing, the trial court did not properly advise the Defendant of the time for filing an application for post-conviction relief as required by La.C.Cr.P. art. 930.8. Therefore, we remand the case with instructions to the district court to send written notice of the time for filing a post-conviction application to the Defendant within ten days of the rendering of this opinion and to file written proof in the record that the Defendant received the notice. State v. Stelly 98-578 (La.App. 5th Cir.12/16/98), 725 So.2d 562.
Accordingly, Defendant’s enhanced sentence, as a second felony offender on his racketeering conviction, to 37 years imprisonment at hard labor, with credit for time served, is affirmed. The case is remanded to the district court to provide proof in the record of Defendant’s receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of *529 the prescriptive period for post conviction relief.
AFFIRMED AND REMANDED.

. Defendant has applied for writs to the Louisiana Supreme Court. As of the date of rendition of this opinion, the application is still pending.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).