782 So.2d 29 (2001)
STATE of Louisiana
v.
Matthew BARTLEY.
No. 00-KA-1370.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2001.
*30 Martin E. Regan, Jr., New Orleans, LA, Attorney for Defendant/Appellant, Matthew Bartley.
*31 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Appellate Counsel, David P. Wolff, Frank Brindisi, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee, The State of Louisiana.
Panel composed of GOTHARD, CHEHARDY, JJ. and PATRICK M. SCHOTT, J. pro tempore.
CHEHARDY, Judge

STATEMENT OF THE CASE
On March 17, 1999, the Jefferson Parish District Attorney filed a bill of information charging defendant, Matthew Bartley, with distributing a controlled dangerous substance within 1,000 feet of Acre Road Playground, to wit: cocaine, a violation of La. R.S. 40:981.3. Defendant was arraigned and pled not guilty. On October 26, 1999, the case was tried before a 12-person jury, which unanimously found defendant guilty as charged. Defendant filed a motion for post verdict judgment of acquittal and a motion for new trial, which were denied on November 2, 1999. Defendant waived sentencing delays and was sentenced to imprisonment at hard labor for 15 years without benefit of parole, probation or suspension of sentence and fined $50,000. This appeal ensued.

FACTS
At trial, the following testimony was elicited by the state: Harlan T. Davis a/k/a Agent Hawk testified that he was employed by the Jefferson Parish Sheriffs Office on August 18, 1998, and that he was driving a car on Julie Street near Acre Road Playground in Jefferson Parish, when he saw defendant standing in the area. Davis pulled his vehicle up and blew his horn. Defendant immediately went over to Davis' vehicle. Davis asked defendant for a "20," which is street terminology for a $20.00 rock of crack cocaine, and defendant told Davis, "let me see what's going on." Defendant told Davis to park his vehicle across the street, and he went over and spoke to another subject. The subject walked over to Davis' vehicle and gave Davis two rocks of crack cocaine. Davis handed the subject a $20.00 bill. Defendant and the subject came together and started talking, and Davis drove off. The entire transaction was videotaped. Davis turned over the cocaine to Agent Flemings. Davis viewed the videotape in court and testified that it fairly and accurately depicted the narcotics transaction on August 18, 1998. Davis testified that he was approximately 120 feet from Acre Road Playground when he purchased the cocaine.
Agent Lisa Flemings, a narcotics agent with the Jefferson Parish Sheriffs Office, testified that on August 18, 1998, she received two rocks of crack cocaine from Officer Harlan Davis. She prepared a photographic lineup with six photographs, and Davis identified defendant as the individual involved in the narcotics transaction. Flemings further testified that the drug transaction occurred directly across the street from Acre Road Playground.
Edgar Dunne, a forensic scientist with the Jefferson Parish Crime Laboratory, testified that he performed tests on the two pieces of rock-like material given to Agent Flemings, and found that each test confirmed the presence of cocaine.

DISCUSSION
In defendant's first assignment of error, he argues that the verdict was contrary to the law and the evidence, and constitutionally insufficient to support a conviction. He specifically contends that: (1) the state failed to prove beyond a reasonable doubt that he was within 1,000 feet of a playground; and (2) the state failed to prove beyond a reasonable doubt that he had the specific intent to distribute cocaine.
*32 The standard for reviewing the sufficiency of evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, the Supreme Court held that due process requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S.Ct. 2781.
In this case, defendant was convicted of violating La. R.S. 40:981.3, which provides:
40:981.3 Violation of Uniform Controlled Dangerous Substances Law
A. (1) Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus, shall, upon conviction, be punished in accordance with Subsection E.
* * *
C. For purposes of this Section:
(1) "School" means any public or private elementary, secondary, vocational-technical school, or any public or private college or university in Louisiana.
(2) "School property" means all property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.
With regards to the proximity of the drug transaction to the playground, there was no contradictory testimony or evidence at trial that the drug transaction occurred more than 120 feet from Acre Road Playground. Officer Davis testified that the drug buy occurred approximately 120 feet away, or about thirty to forty yards from the playground. Agent Flemings, who was monitoring Officer Davis' actions in a separate vehicle when the drug buy was made, testified that the transaction occurred "directly across the street from the Acre Road [Playground]."
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Scott, 27,104 (La.App. 2 Cir.6/21/95), 658 So.2d 251, writ denied, 97-2049 (La.2/13/98), 706 So.2d 990. Upon review, we see nothing in the record which would prevent a rational trier of fact from finding that the drug transaction took place within 1000 feet of the playground.
Defendant also contends that the state failed to prove that he had the specific intent to distribute cocaine. Although Officer Davis did not hand the money directly to defendant nor did defendant hand the narcotics to Officer Davis, after reviewing the record and viewing the videotape, it is clear that defendant arranged the transaction and was instrumental in the purchase of the narcotics. La. R.S. 14:24 provides that "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
A defendant may be found guilty as a principal if he aids and abets in the distribution or if he directly or indirectly counsels or procures another to distribute *33 a controlled dangerous substance such as cocaine. State v. Davis, 602 So.2d 150 (La.App. 5 Cir.1992), writ denied, 612 So.2d 54 (La.1993). Specific intent need not be proven as fact, but may be inferred from circumstances of the transaction and defendant's action or inaction. State v. Dorsey, 593 So.2d 1372 (La.App. 5 Cir. 1992).
At trial, Officer Davis testified that defendant arranged and participated in the crack cocaine transaction. The entire transaction was videotaped, and the videotape was admitted into evidence at trial and played for the jury. Davis testified that the videotape accurately depicted the narcotics transaction. Further, while testifying on his own behalf at trial, defendant admitted that he was the person on the videotape.
After hearing the testimony and evaluating the credibility of the witnesses, the jury found defendant guilty. The question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of the witnesses will not be re-weighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir.4/29/97), 694 So.2d 1052.
Based on the foregoing, we find that the evidence admitted at trial was sufficient under the Jackson standard to support defendant's conviction, as a rational trier of fact could have found that defendant had the specific intent to distribute cocaine and that the transaction occurred within 1,000 feet of a playground.
In defendant's second, and final, assignment of error, he argues that his 15-year sentence is constitutionally excessive and is nothing more than a purposeless and needless infliction of punishment. He contends that, although the sentence is within the statutory framework, the 15-year sentence imposed is inappropriate and unjust.
As noted above, defendant was found guilty of violating La. R.S. 40:981.3, was sentenced to imprisonment at hard labor for 15 years without benefit of parole, probation or suspension of sentence and was fined $50,000.
The penalty provision of La. R.S. 40:981.3 is as follows:
E. (1) On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
The penalty for distribution of cocaine is found in R.S. 40:967(B)(4)(b):
Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
As mandated by La. R.S. 40:981.3(E)(1), the trial court was required to impose a $50,000 fine on defendant and sentence him to between 15 and 30 years of imprisonment. Defendant's fifteen year sentence of imprisonment was the mandatory minimum.
*34 Despite having received the mandatory minimum sentence, defendant's sentence may be reviewed for constitutional excessiveness. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Armstrong, 99-925 (La.App. 5 Cir.2/16/00), 756 So.2d 533. A mandatory sentence may be excessive if the sentence "makes no measurable contribution to acceptable goals of punishment or ... amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Armstrong, supra at 537. However, it is presumed that a mandatory minimum sentence is constitutional. State v. Dorthey, 623 So.2d 1276 (La.1993). To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must show that:
[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances.
State v. Johnson, supra at 676.
A trial court may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of the constitutionality of the mandated minimum sentence. Id. Further, a sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Richmond, 98-1015 (La.App. 5 Cir.3/10/99), 734 So.2d 33.
In the instant case, defendant argues that he is mentally slow and easily manipulated, that he is 42 years old and in poor health, and that the incarceration would cause his family physical and emotional hardship. Based on our review of the record and the controlling statutes and jurisprudence, we find that defendant has not presented sufficient evidence to support a deviation from the mandatory minimum statutory sentence or that the trial court abused its great discretion in sentencing defendant within the statutory limits.
Finally, after reviewing the record for errors patent pursuant to La. C.Cr.P. art. 920, we note from the transcript that at the time of sentencing, the trial court failed to inform defendant of the prescriptive period for post-conviction relief, as required by La.C.Cr.P. art. 930.8C. While the commitment states that defendant was advised of his post-conviction rights, the sentencing transcript is absent in this regard. When there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732 (La.1983). Accordingly, we remand this case and order that the trial court inform defendant of the statutory provisions for post-conviction relief pursuant to La.C.Cr.P. art. 930.8. The trial court is further directed to file written proof that defendant received the notice in the record of these proceedings.
AFFIRMED; REMANDED.