812 So.2d 809 (2002)
STATE of Louisiana
v.
Torrey ROGERS.
No. 2001-KA-2139.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 2002.
*810 Richard P. Ieyoub, Attorney General, Darryl W. Bubrig, Sr., District Attorney, Pointe-A-La-Hache, LA, and Gilbert V. *811 Andry IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court Composed of Judge JAMES F. MCKAY III, Judge DENNIS R. BAGNERIS, SR., and JUDGE MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
On 12 July 2000, the defendant, Torrey Rogers ("Rogers"), was charged by bill of information with six counts of distribution of cocaine, violations of La. R.S. 40:967(A). At arraignment on 17 July 2000 he pleaded not guilty. On 5 June 2001, the day set for trial, Rogers withdrew his earlier plea and entered a plea of guilty as charged on all counts. On 20 September 2001, he was sentenced to twenty years on each count, to be served consecutively, and to pay a fine of $5,000 on count one. The defendant's motion to reconsider the sentence was denied, and his motion for an appeal was granted.
Because no trial was held, the only facts in the record on appeal are gleaned from the Plaquemines Parish Sheriffs reports. Those reports indicate that twice on 22 February 2000, and once on 24 February, 2 March, 10 March, and 3 May 2000, Rogers sold cocaine to an undercover agent working with the sheriffs office.
In a single assignment of error, the defendant argues that the six twenty-year terms imposed consecutively, for a total of 120 years, constitute an excessive sentence.[1]
Rogers was sentenced under La. R.S. 40:967(A) which at the time of the offense provided for a sentence of five to thirty years with the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence; additionally a fine of not more than $50,000 may be imposed.[2]
Article I, Section 20 of the Louisiana Constitution of 1974 provides that "[n]o law shall subject any person ... to cruel, excessive or unusual punishment." A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La.App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La. 1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Caston, supra.
*812 The defendant maintains that the trial court did not consider the mitigating factors of his youth and the fact that each of the six sales was small. He also argues that his criminal history is not severe enough to merit the 120-year term. The record is devoid of any evidence about the defendant except a list of his prior offenses.
The State argues that the sentence should not be set aside as excessive absent a showing of an abuse of the broad sentencing discretion granted the trial court, citing State v. Davis, 449 So.2d 452 (La. 1984), State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, State v. Lobato, 603 So.2d 739 (La.1992), and State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237. They assert that the trial court did not abuse its discretion.
Prior to the sentencing hearing the trial court ordered a short form pre-sentencing report. At the hearing on 20 September 2001, the court stated:
Pre-sentence report reflects that the record of prior convictions show[s] an adjudication ... of August 29th of '96 [for] aggravated battery, January 10th of '97 possession of marijuana, March 31st of '99 count one distribution of a schedule two drug, and count three, aggravated battery.
The court then considered whether a risk existed that the defendant would commit another crime if he were on probation, whether he needed correctional treatment, and whether a lesser sentence would deprecate the seriousness of the crimes. It concluded affirmatively as to each question.
The trial court continued:
The Court has looked at the aggravating and mitigating circumstances, the Court finds the only mitigating circumstance the Court feels that may be applicable is the youthfulness of the defendant, the defendant is only 24 years of age according to my calculation. But he started his life of crime when he was 19 as far as the records show. And that's a sad fact, that in his youth he has basically been involved in his fourth crime, three prior felonies, or two prior felonies and one misdemeanor, two dealing with drugs, two dealing with crimes of violence and he's chosen that life.
The Court makes note that in the words of the pre-sentence report, Mr. Rogers is "a menace to society." That's pretty tough words [sic]. They didn't just say he was bad or he's a problem or whatever, they say he is "a menace to society."
The Court makes particular note that Mr. Rogers was on either parole or probation at the time he committed this offense. It's kind of like I told a young gentleman here earlier today, you don't really want probation. What can we do with you? In fact, the pre-sentence report says that Mr. Rogers failed miserably on two prior probationary sentences.
I told some individuals prior to this date, ... I have nothing to believe that Mr. Rogers is in fact an addict or he imbibes in contraband or illegal substances. I have nothing to say that, or have seen no attempt by him since this went down to say that he needs help. The only thing I can assume from the Court's viewpoint is that Mr. Rogers was into it to make money.....
The judge next discussed the fact that sometime in the pre-trial process, the defendant had been offered a plea bargain of fifteen years.[3] The defendant stated that *813 he wanted to speak with his family before accepting the offer. (Rogers had been represented by a private attorney through 5 February 2001, and on 5 March 2001, an Indigent Defender Board attorney began representing him). The judge pointed out that between 5 March 2001 and 4 June 2001, the day prior to trial, the defendant never agreed to the plea bargain. Then on 5 June 2001 he decided to change his plea to guilty on the six counts; however, the court had a policy that no plea bargains were to be made on the day of trial, and the defendant entered his pleas "in the blind," meaning no promises were made to him. The court pointed out that when Rogers was Boykinized on 5 June 2001 he was told he could receive between five and thirty years on each count. Defense counsel agreed with the judge, but also pointed out that the fifteen-year term offered by the State reflected "an appropriate sentence." The court responded that it was not required to consider any such term when setting a sentence.
Rogers' six offenses all concern selling small amounts of crack cocaine to the same undercover agent at the same place. The police report indicates that the defendant was near his home at the intersection of PP-11 and O'Deal Lane in Sunrise, Louisiana, on each of the six occasions. The first and second counts both occurred on 22 February 2000; they could be considered one incident because after completing one purchase of $40.00 worth of cocaine, the undercover agent asked to buy another "twenty" and was immediately sold an additional rock. The combined weight of the three rocks sold on 22 February 2000 was 0.28 grams. The third and fourth counts concerned sales occurring on 24 February 2000 and 2 March 2000, for about four rocks of cocaine for $80.00 on each occasion. The rocks in the 2 March 2000 sale weighed 0.24 grams.[4] The fifth and sixth counts occurred on 10 March 2000 and 3 May 2000 and were each for two rocks of cocaine; the weights of the rocks were 0.35 and 0.21 grams, respectively.
Twenty-year sentences for distribution of cocaine have been found to be excessive where the amount of cocaine involved is small.[5] In State v. Gordon, 444 So.2d 1188, 1191 (La.1984), a defendant, who sold four ounces of cocaine on two occasions within a six week period to the same undercover agent, received one twenty-year sentence and one five-year term; the sentences were imposed to run concurrently. The defendant's sales were for one and three ounces of cocaine at a cost of $2,400.00 and $7,200.00. The Louisiana Supreme Court vacated the twenty-year sentence and remanded for resentencing after finding that the defendant was not a large-scale distributor.[6] In the case at bar, Rogers sold a total of approximately 1.43 grams of cocaine for $320.00.[7] One cannot reasonably describe Rogers as a large-scale distributor of drugs.
In State v. McNeil, 613 So.2d 752 (La. App. 4 Cir.1993), writ granted in part and denied in part, 623 So.2d 1320, 1320 (La. *814 1993), this court found that a twenty-year sentence was not excessive where the defendant distributed a small amount of cocaine but had prior drug, as well as violent crime, convictions; however, the Supreme Court reversed that decision because the trial court did not comply with La.C.Cr.P. art. 894.1 in imposing the "apparently severe sentence."
In State v. Merrill, 94-0716 (La.App. 4 Cir. 1/31/95), 650 So.2d 793, and State v. Strickland, 486 So.2d 1015 (La.App. 2 Cir. 1986), defendants convicted of distribution of cocaine were sentenced to twenty-year terms, and the sentences were held to be excessive. Neither defendant was deemed to be a large-scale dealer of cocaine. Strickland had no criminal record, and Merrill had one prior offense.
Furthermore, a survey of cases where consecutive sentences were imposed on defendants convicted of multiple counts of violations of drug laws reveals no sentence as severe as the sentence imposed in this case. A defendant with nine counts of distribution and possession of cocaine with intent to distribute and one count of racketeering was sentenced as a second offender to thirty-seven years. State v. Rodriguez, XXXX-XXXX (La.App. 5 Cir. 12/13/00), 777 So.2d 527. A 100 year cumulative sentence was held to be excessive for a defendant convicted of three counts of distribution of cocaine and three counts of conspiracy to distribute in State v. Matthews, 26,550 (La.App. 2 Cir. 12/21/94), 649 So.2d 1022. That defendant, sentenced as a second offender, had two prior drug offenses and was on parole when he was arrested. However, in the opinion the court stated that in no other cases under similar circumstances had a 100 year sentence been imposed. The appellate court remanded the case, suggesting a sixtyyear term would be appropriate.
In State v. Thomas, 598 So.2d 639, 642-43 (La.App. 3 Cir.1992), the defendant was convicted of nine counts of possession with intent to distribute Schedule II and III drugs and three counts of possession of controlled dangerous substances.[8] He was sentenced to thirty years as a second offender on one possession with intent to distribute cocaine conviction and to lesser terms on the other counts, all to be served consecutively; the total sentence was 96½ years. At sentencing, the court noted his extensive criminal history and that he had served time in prison in California and in Louisiana two or three times. The sentence was affirmed on appeal.
In State v. McGraw, 616 So.2d 262 (La. App. 2 Cir.1993), a case similar to the instant case, a defendant, convicted of five counts of distribution of cocaine and one count of distribution of marijuana, was sentenced to a total of forty-five years. He was sentenced to fifteen years on each count, with the first three terms running consecutively and the last three concurrent with the third term. The defendant was thirty-one years old and had a significant criminal history including violent offenses as well as drug crimes. The defendant argued his sentence was excessive but the Second Circuit Court of Appeal affirmed.
The trial court has wide discretion in imposing sentence within statutory limits and such a sentence should not be set aside as excessive absent evidence of a manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982). However, *815 this discretion is not unbridled. Even though a sentence is within statutory limits, it may nevertheless be constitutionally excessive by reason of its length. State v. Walker, 414 So.2d 1245 (La.1982). In the case at bar, we find that the twenty-year length of the individual sentences may not be excessive, but the 120-year cumulative sentence is grossly disproportionate to the crimes committed as to totally shock one's sense of justice. State v. Cann, 471 So.2d 701 (La.1985). The record on appeal does not establish that Rogers is a large-scale drug dealer; the quantity of drugs and the money involved in each transaction was small. The defendant was twenty-four years of age at sentencing; nothing of his personal history is in the record.[9] These factors militate in favor of a lesser aggregate sentence than Rogers received.
For reasons stated above, we find the 120 year sentence excessive and vacate it. We remand this case to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] He does not object to the fact that the sentences were imposed consecutively.
[2] The defendant's sentence was not imposed with the five-year restriction on parole, probation, or suspension of sentence. However, in State v. Williams, XXXX-XXXX (La.11/29/01), 800 So.2d 790, the Supreme Court ruled that under La. R.S. 15:301.1 failure to impose statutory restrictions does not require correction because the sentence is deemed to contain the provisions automatically. Thus, this Court does not recognize the sentencing court's failure to impose the statutory restrictions as patent error.
[3] The discussion was prompted by the OIDP attorney's statement prior to sentencing that the court was penalizing the defendant for wanting time to talk with his family about the plea.
[4] The crime lab documents concerning the 24 February 2000 transaction do not state the weight of the cocaine involved.
[5] We can find no case where a sentence like this defendant's 120-year term was imposed.
[6] The defendant in Gordon had no criminal record and the defendant admitted he was an addict. Contrariwise, Rogers has a criminal record.
[7] Although the amount of cocaine in the third sale is not established, if it is given the weight of .35 gramsthe heaviest weight of any of the salesthe total is 1.43 grams.
[8] The defendant had convictions for two counts of possession of cocaine with intent to distribute, three counts of possession of pentazocine with intent to distribute, three counts of possession of phenmetrazine with intent to distribute, one count of possession of codeine with intent to distribute, one count of possession of alprazolam, one count of possession of butalbital, and one count of possession of diethylpropion.
[9] The pre-sentencing report is not part of the record.