MARION F. EDWARDS, Judge.
1 j>This is defendant Dale Young’s second appeal. On May 14, 2002, he was convicted of two counts of distribution of cocaine in a drug free zone, in violation of LSA-R.S. 40:967(A) and 40:981.3, and one count of distribution of cocaine, in violation of LSA-R.S. 40:967(A). This Court affirmed his convictions[1] but vacated the sentences because the trial court failed to observe the twenty-four-hour delay between denying the motion for new trial and imposing sentence. The matter was remanded for re-sentencing.
On remand, a sentencing hearing was held, at which time the trial court re-sentenced Young to twenty-five year’s on each of the two counts of distribution of cocaine in a drug free zone and ten years on the one count of distribution of cocaine, which was the same as his original sentence. The court ordered the sentences to run consecutively and imposed a $50,000 fine on each of the three counts. In imposing sentence, the only sentencing factor articulated by the court |swas that the matters were distinct and not part of a single action. Young appeals his sentences as excessive.
The facts of this case have been set forth in the first appeal and need not be repeated here. On appeal, Young contends that the sentences are individually excessive under the circumstances of the case, both because of their length and because of the order that they be served consecutively. He argues that the narcotics transactions forming the basis for the sentences were part of a single course of conduct, that each transaction was set up and carried out by the same female undercover officer, and that Judge Snowdy articulated no factors encompassed within the jury’s verdict to demonstrate that either lengthy or consecutive sentences were warranted. He further urges that counsel was ineffective in failing not only to object specifically to the sentences and the failure of the trial judge to articulate any special justification, but also in failing to file a motion to reconsider the excessive sentences so as to preserve all issues relating to the sentences for appellate review.
*655 Although defense counsel failed to file a motion to reconsider sentence, Young timely filed a pro se motion for reconsideration of sentence asserting his cumulative sentences were constitutionally excessive, which motion was denied. This Court routinely reviews a defendant’s sentence for constitutional excessiveness, even in the absence of a motion for reconsideration of sentence or objection.[2]
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the | ¿applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.[3]
In reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. The trial judge is afforded wide discretion in determining sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.[4] The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.[5] Even though a sentence is within statutory limits, it may nevertheless be constitutionally excessive by reason of its length.[6]
The sentencing range for distribution of cocaine in a drug free zone is between two and forty-five years and the range for distribution of cocaine is between two and thirty years.[7]
LSA-C.Cr.P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
| RIt has been held that multiple drug transactions occurring on different days are separate and distinct acts so as to render Article 883 inapplicable and to justify consecutive sentences, even when they involved the same undercover officer and the transaction occurs at the same location.[8] Therefore, the trial court was not *656 required to articulate particular justification for imposing consecutive sentences.
In the present matter, Young sold $100 worth of cocaine on two different occasions and $50 on one occasion, within a one and one-half month period.
This Court has upheld a twenty-two-year sentence for a defendant who, in addition to a violation of LSA-R.S. 40:981.3, had one earlier felony drug conviction and had been previously arrested on eight pri- or occasions. He was charged with a total of seventeen offenses in these arrests, six of which involved firearms charges, three were for drug-related offenses (one of which resulted in the felony conviction mentioned above), five were for crimes against persons, and three for crimes against property.[9] In that opinion, we noted that this Court has previously upheld sentences of fifteen years of imprisonment for commission of this offense where the defendants did not have a criminal history.[10]
This Court has also affirmed a defendant’s two, fifteen-year consecutive sentences for two counts of distribution of cocaine, where the defendant sold cocaine to two different undercover agents on two separate occasions approximately one month apart.[11] In upholding his consecutive sentences, we noted that defendant had a history of prior criminal activity. We have upheld a defendant’s five, twenty-year consecutive sentences for five counts of distribution Rof cocaine.[12] However, there the defendant had a criminal history of prior felony convictions for issuing worthless checks and simple robbery and also received a life sentence after being adjudicated a third felony offender. In comparison, another defendant received eighteen-year sentences on each of his five counts of distribution of cocaine, which were ordered to run concurrently.[13] He had a history of dealing narcotics and was later found to be a second felony offender. In another case, we upheld a twenty-year enhanced sentence for distribution of cocaine in violation of LSA-R.S. 40:981.3 after the defendant was adjudicated a fourth felony offender.[14] Finally, we affirmed a sixty-five-year enhanced sentence for a defendant found to be a third felony offender for distribution of cocaine in violation of LSA-R.S. 40:981.3.[15]
Looking to other appellate courts, a sentence of fifteen years in prison for distribution of cocaine has been affirmed by the Second Circuit in a case where a defendant was a fourth felony offender, with numerous prior arrests and convictions for drug-related offenses.[16] The Second Circuit also found three concurrent twelve-year sentences constitutionally excessive where a thirty-six-year-old defendant made three *657 separate sales of cocaine on the same day to two undercover officers.[17]
The Fourth Circuit has noted that twenty-year sentences for distribution of cocaine have been found to be excessive where the amount of cocaine involved is small.[18] In that case, the defendant was convicted of six counts of distribution of cocaine and sentenced to six consecutive terms of twenty years each. In finding |7the cumulative sentence excessive, the court reviewed other cases involving more egregious defendants and concluded that the court abused its sentencing discretion.
After review, we find that Young received a much more severe penalty than more egregious offenders of the same offense. The consecutive nature of Young’s sentences is constitutionally excessive considering that the record on appeal does not establish that Young is a large-scale drug dealer or that he has a history of selling drugs, and the quantity of drugs and the money involved in each transaction was small. The defendant was thirty-one years of age at the time of sentencing, and although the record alludes to prior criminal activity, the State did not establish such. These factors militate in favor of a lesser aggregate sentence than Young received.
Accordingly, we find that the sentences are excessive, and we remand this case to the trial court for re-sentencing.
In view of this finding, the assignment of error regarding ineffective assistance of counsel is moot.

SENTENCES VACATED; REMANDED FOR RE-SENTENCING.

. State v. Young, 04-1318 (La.App. 5 Cir. 4/26/05), 902 So.2d 461.

. State v. McLelland, 03-498 (La.App. 5 Cir. 10/15/03), 860 So.2d 31, 37, writ denied, 03-3372 (La.3/26/04), 871 So.2d 347.

. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.

. State v. Brown, 04-230 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902.

. Id.

. State v. Rogers, 2001-2139 (La.App. 4 Cir. 3/6/02), 812 So.2d 809, writ denied 2002-0945 (La. 11/22/02), 829 So.2d 1035 (citing State v. Walker, 414 So.2d 1245 (La.1982)).

. LSA-R.S. 40:967(B)(4)(b) and 40:981.3(E); State v. Johnson, 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645, 653.

. State v. Scott, 92-667 (La.App. 5 Cir. 12/29/1992), 612 So.2d 293; State v. Miller, 561 So.2d 892 (La.App.2d Cir.5/9/90), writ denied, 566 So.2d 983 (La.9/28/90).

. State v. McCraney, 01-439 (La.App. 5 Cir. 9/25/01), 798 So.2d 227.

. See, State v. Bartley, 00-1370 (La.App. 5 Cir. 2/14/01), 782 So.2d 29; State v. Curtis, 97-769 (La.App. 5 Cir. 2/11/98), 707 So.2d 1328.

. State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, writ denied, 99-1980 (La. 1/7/00), 752 So.2d 175.

. State v. Dillon, 01-906 (La.App. 5 Cir. 2/26/02), 812 So.2d 770, writ denied, 02-1189 (La.4/21/03), 841 So.2d 779.

. State v. Converse, 03-0711 (La.App. 5 Cir. 12/30/03), 864 So.2d 803, writ denied, 04-0195 (La.6/4/04), 876 So.2d 74.

. State v. Johnson, 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645.

. State v. McCloud, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498.

. State v. Hines 39,613 (La.App. 2 Cir. 4/6/05), 899 So.2d 744.

. State v. Wyatt, 591 So.2d 761 (La.App. 2d Cir.1991).

. State v. Rogers, supra.