PRICE, Judge.
Defendant, Jerry Glen McCutchen, pled guilty to armed robbery in violation of LSA-R.S. 14:64 and to forcible rape in violation of LSA-R.S. 14:42.1. Defendant appeals the sentence of twenty-five years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge and a concurrent sentence of twenty-five years at hard labor with two years of that sentence without benefit of parole, probation or suspension of sentence on the forcible rape charge. We affirm.
The uncontroverted facts reveal that on October 8, 1983, an eighty-one year old female was watching television in her home located in Belcher, Louisiana. At approximately 3:00-4:00 p.m., the victim heard a noise and turned around to find the defendant in her living room. The defendant had made a forced entry into the home by cutting a hole through a screen door. The defendant was armed with a knife and a claw hammer and displayed his weapons to the victim. After making demands for money, the defendant placed the victim on the floor and removed her clothing. The defendant placed a small pillow on the victim’s face. After a brief struggle, defendant then forced the victim into the bedroom onto'the bed where he raped her. During intercourse, the victim told the defendant that she was old and she believed that she was going to faint. At this time, defendant got up and started a window fan. He then returned to the bed and resumed intercourse.
After the offense was completed, defendant continued his demands for money. Defendant removed some money from the victim’s purse and then fled from the residence.
The victim recognized the defendant as having done some yard work for her in the past and she knew the defendant’s first name. The victim immediately reported the incident and an investigation ensued.
An officer pursuing the defendant came in contact with a sixteen year old girl who stated that the defendant had given her some money with instructions to hide the money and not to reveal that he had given it to her. The defendant was subsequently arrested that night at the home of his grandmother.
Fingerprints of the defendant were found on the window fan in the victim’s residence. The hammer used in the attack was found discarded in a field near the victim’s home and the knife was recovered later. Laboratory tests on samples from the victim revealed seminal acid phosphatase which indicated sexual intercourse had occurred. The defendant was sixteen years old at the time of the offense.
Defendant was originally charged with aggravated burglary, armed robbery and aggravated rape. Pursuant to plea negotiations, defendant was allowed to enter a guilty plea to armed robbery with a stipulated range of imprisonment of not less than five years nor more than thirty years hard labor without benefit of parole, probation or suspension of sentence and a guilty plea to forcible rape with a stipulated range of imprisonment of not less than two years nor more than thirty years at hard labor with a minimum of two years without benefit of parole, probation or suspension of sentence, said sentences to run concurrently. The charge of aggravated burglary was dismissed by the state.
After the guilty pleas were accepted, defendant was sentenced to twenty-five years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge and a concurrent sentence of twenty-five years at hard labor on the forcible rape charge with two years of that sentence without benefit of parole, probation or suspension of sentence.
Defendant’s sole contention on appeal is that the sentence imposed is excessive. Defendant argues that the sentence is excessive under the standard enunciated in *164 Article 1 Section 20 of the Louisiana Constitution of 1974, and that the considerations taken into account by the trial court in determining the sentences under La.C. Cr.P. 894.1 were not adequately supported by the facts. Defendant essentially claims that the trial court found that the severity of the crime was the predominant factor in sentencing the defendant under the guidelines set forth in La.C.Cr.P. Art. 894.1 rather than the defendant’s age, lack of a prior criminal record and that the victim did not suffer any serious injury. Further, the defendant argues that the court failed to consider a comparison of the defendant’s punishment with sentences imposed for similar crimes by other courts.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983), State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983), State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The purpose of La.C.Cr.P. Art. 894.1 is to adapt the sentence to the offender as well as the offense so that the sentence imposed by the court is individualized. State v. Jackson 360 So.2d 842 (La.1978).
The guidelines of La.C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979) and State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983). While the trial court need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that the court adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983) and State v. Smith, 433 So.2d 688 (La.1983).
Examining the record, it is clear that the trial court properly and carefully articulated all of the sentencing considerations affecting this particular defendant. The court found that based upon the severity of the crime, the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense. The court carefully examined the mitigating factors which include the defendant’s somewhat poor educational background, his claim that he had been drinking alcohol prior to the offense, the lack of a prior criminal record and the defendant’s age.
The offenses committed by the defendant are extremely serious offenses which merit serious penalties. There were numerous aggravating circumstances noted by the court which support these sentences. The sentences imposed by the court are not excessive and were within the range of the plea bargain agreement, fitting both the offenses and the offender.
As noted earlier, the purpose of La. C.Cr.P. 894.1 is to individualize the sentence to each particular defendant. The court is not required to conduct a lengthy review into similar eases to compare the sentences imposed. Such a requirement would necessarily act to defeat the very purpose behind the article.
Under Article 1, Section 20 of the Louisiana Constitution, a sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the needless and purposeless imposition of pain and suffering. State v. Howard, 414 So.2d 1210 (La.1982); and State v. Brooks, supra.
The record clearly supports a finding that the sentences imposed by the court are not out of proportion to the severity of the offenses nor is it the needless imposition of pain and suffering.
For the foregoing reasons, the sentences of the defendant, Jerry Glen McCutchen, are affirmed.