811 So.2d 233 (2002)
STATE of Louisiana, Appellee,
v.
Daniel EDWARDS, Appellant.
No. 35,744-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*235 Steven A. Hansen, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, J. Michael Ruddick, Assistant District Attorney, for Appellee.
Before BROWN, STEWART and DREW, JJ.
BROWN, Judge.
Daniel R. Edwards, defendant herein, was charged with four counts of terrorizing and one count each of aggravated burglary and second degree kidnaping. A plea agreement was reached in which defendant agreed to plead guilty to second degree kidnaping in exchange for the state's agreement that all other charges would be dismissed. The district court sentenced defendant to serve ten years at hard labor without benefit of parole, probation or suspension of sentence and denied a timely motion for reconsideration of sentence. Defendant argues that his sentence is excessive. We affirm.

Facts
The victim of the crime in this instance was defendant's former wife, Julie Edwards. The marriage between defendant and Ms. Edwards broke down amidst allegations that she had an affair. After the couple separated, Ms. Edwards obtained a restraining order against defendant due to his acts of stalking, terrorizing and harassing her.
On April 11, 2000, while subject to the restraining order, defendant forced entry into Ms. Edwards' apartment by breaking down the door. Ms. Edwards ran to her daughter's room and locked the door. Defendant broke down that door. He was carrying a baseball bat in one hand and a firearm in the other. He placed the gun against Ms. Edwards' head and threatened her. The victim told her daughter to run for help, which she did. Defendant then dragged Ms. Edwards back to her bedroom where he held her hostage for over eight hours. The confrontation was terminated by a police negotiator and the SWAT team.
Ms. Edwards stated that she feared for her life during the encounter. At the sentencing hearing, Ms. Edwards stated that she and her daughter relive the incident daily. She feared that defendant was going to kill her when he was released after serving whatever sentence the court imposed. Indeed, according to letters received by the court, defendant had sent letters to friends and relatives of his former wife describing how he planned to kill her.
On appeal, defendant urges that the sentence is excessive and that the district court failed to give sufficient consideration to the fact that defendant had no prior felony convictions and to the claim that he is unlikely to commit another crime due to his being 53 years of age.

Discussion
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.03/01/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App. 2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. The record indicates that the court was aware of defendant's age and first felony offender status. The court specifically acknowledged that defendant had not been in any trouble for 29 years, that is, since 1971 when he pled guilty to a misdemeanor charge of shooting a firearm across a highway, which charge was reduced from assault with intent to commit murder.
The test imposed by the reviewing court in determining the excessiveness of a *236 sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. In this instance, the court expressly cited and reviewed the criteria under La.C.Cr.P. art. 894.1.
The second prong of the test to determine whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App. 2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158.
Prior to imposing sentence, the district court noted the dismissal of charges that defendant obtained through his plea bargain. The court then heard a statement from the victim. Ms. Edwards stated that she still fears for her life upon defendant's release from prison. She stated that defendant had written threatening letters to other persons. The court then heard defendant's statement of explanation and remorse, followed by testimony from defendant's sister. The court then discussed the PSI report. The court found that defendant had been substantially provoked by his estranged wife's inappropriate relationship with another man. Defendant was 53 years old. He had one 1971 conviction for a misdemeanor which had been pled down from assault with intent to commit murder. The court noted that defendant had violated a protective order while armed with weapons, and in the process, had caused great harm to his wife and daughter. The court again mentioned defendant's lack of a felony record, but also noted that defendant had pending a federal charge due to his having mailed a threatening letter. The court directed that the instant sentence would be served concurrently with any federal sentence to be imposed. The court then concluded that a lesser sentence would deprecate the seriousness of the offense of conviction.
On this record, we do not find sentencing error. Defendant, 53 years old at the time of the instant offense and a high school graduate with two semesters of college, obtained a very significant reduction in sentencing exposure through his plea bargain. The sentence imposed is a mere one-quarter of the term of imprisonment which could have been imposed pursuant to the plea agreement. Defendant caused substantial emotional damage to his ex-wife and his daughter, and placed their lives, his life and the lives of the responding police officers in jeopardy during his course of illegal conduct.
In a motion to reconsider his sentence, defendant complained that his sentence violated *237 the Equal Protection clause of the Constitution. The substance of the complaint is that another defendant, Reginald Fontana, who committed a similar crime in a different case before the same court, received what defendant characterized as a lesser sentence. He attached the minutes and the state's answers to discovery from the Fontana case. In that case, Fontana received a 20 year sentence with ten years suspended. Four of the ten years Fontana has to serve are without benefit, while all of defendant's ten years are without benefit. However, upon his release, Fontana would be on supervised probation for five years. A violation of the terms of that probation will subject him to serving the remaining ten years. Unlike defendant, Fontana was an habitual offender.
Although Fontana had a prior criminal history, his similar sentence is not sufficient support for an equal protection claim. To prove a violation of the equal protection clause, one must show that the responsible person (judge) acted with discriminatory intent or purpose. Intent in some cases may be inferred from a clear pattern unexplainable on grounds other than some inappropriate classification such as race. McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). Those circumstances are certainly not present in this case. See Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). (Selectivity in the enforcement of habitual offender statute does not violate the equal protection clause absent discriminatory intent.)
We have already stated that the punishment in this case is not grossly disproportionate to the severity of the crime. However, we will again address this issue in light of defendant's raising of the Fontana case. Comparison with sentences imposed for similar crimes could be a factor in evaluating whether a particular sentence is grossly out of proportion with the severity of the crime.[1]State v. Dorthey, supra; State v. Telsee, 425 So.2d 1251 (La.1983). We note, however, that the purpose of La.C.Cr.P. art. 894 .1, which provides the statutory grounds for the selection and imposition of a sentence, is to individualize the sentence to each particular defendant. A review and comparison of other cases would defeat the very reasoning behind the article. State v. McCutchen, 459 So.2d 162 (La.App. 2d Cir. 1984). As stated hereinabove, defendant's crime was violent, the offense of conviction does not adequately describe defendant's misconduct and the sentence imposed is lawful. The Fontana case does not affect our conclusion that the sentence is not disproportionate to the severity of the offense.
We have examined the record for error patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Other factors include the nature of the crime and the character and propensities of the offender.