823 So.2d 1100 (2002)
STATE of Louisiana, Appellee
v.
Laurele ROBERTS, Appellant.
Nos. 36,271-KA, 36,272-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1101 Charles Kincade, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Defendant, Lourele Roberts, also known as Laurele Roberts, also known as Laurelle Roberts, pleaded guilty as charged to one count of armed robbery and one count of simple escape after the state agreed not to charge him as a habitual offender. The armed robbery offense was punishable by imprisonment at hard labor for not more than 99 years without benefits, as per La. R.S. 14:64. The simple escape offense was punishable by two to five years, consecutive to any other sentence, as per La. R.S. 14:110. The court sentenced defendant to serve 75 years without benefits for the armed robbery and to serve five years for the escape, with the sentences to be served consecutively. The court thereafter denied a timely motion for reconsideration of the sentence. On appeal, defendant contends his sentence is excessive and urges that the court violated his right to equal protection of the law by imposing lesser sentences on his accomplices. We affirm. The matters of record reflect:
 that in July 1996 defendant, his 17-year-old girlfriend, Kista, and a male companion, Marvin, committed an armed robbery of Pipen's Diner in Monroe;
 that defendant, the leader of this enterprise, selected this location because it had one attendant and several video poker machines;
 that he stole a car from Texas and used it to travel to the diner;
 that he sent Kista in to distract the attendant, then the two men entered, with Marvin threatening the attendant with a .45 pistol, supplied by the defendant;
 that defendant emptied the cash register and a separate cash drawer resulting in $1,900 of stolen cash proceeds for the trio;
 that the defendants were arrested and later incarcerated in the Ouachita Parish jail; that Kista and Marvin made full confessions;
 that the defendant escaped in November, 1996, from the parish correctional center using hacksaw blades to cut his way out;

*1102  that after committing several other offenses, defendant was arrested in 1997 on federal charges in Georgia, from which custody he escaped in 1998;
 that he was arrested shortly thereafter and returned to Louisiana where he committed another escape, which charge was pending trial at the time of sentencing in the instant case.
The law on excessive sentences is clear.[1]
Prior to imposing sentence, the district court reviewed a PSI report concerning the then 26-year-old defendant. The court considered his childhood and social history, noting that defendant fathered two children, including one by Kista. He dropped out of school in the ninth grade but obtained a GED. He had worked at various menial jobs. He had a lengthy juvenile and adult criminal history. His adult record began in 1993 with charges of simple battery, burglary of a post office, burglary of a grocery store, two counts of escape, two counts of resisting by flight, theft and burglary of the Caldwell Parish Housing Authority. In 1994 defendant was charged with breaking and entering a post office and contributing to the delinquency of a juvenile. In 1996 he was booked for possession of stolen things. In 1997 he incurred a firearms charge in Georgia plus several misdemeanor charges and a probation violation. In 1998 he was charged with the offenses of simple escape, aggravated burglary, possession of stolen property and armed robbery and another simple escape. The court considered the facts of the instant case and the provisions of La.C.Cr.P. art. 894.1 relative to sentencing. The court found that defendant's conduct threatened death or serious harm to the victim. There was no excuse, provocation or justification for defendant's criminal conduct. The victim had suffered permanent emotional injury. Defendant was on federal parole for burglary of a post office at the time of the instant offense. He had escaped from jail on several occasions. The court determined he was in need of custodial treatment. The court observed that defendant did not support his dependents and had made no expression of remorse. Finally, the court concluded that a lesser sentence would deprecate the seriousness of the offenses. After the court pronounced sentence, the state dismissed two pending escape charges and one charge of illegal possession of stolen things.
On this record we do not find constitutional error. The evidence shows defendant was the motivating force behind the instant offense. He planned the crime, *1103 supplied the deadly weapon used, stole a vehicle for use as a getaway car and cased the diner before deciding when and how to commit the armed robbery. His criminal record is replete with convictions for burglary, escape and theft-related offenses. He committed the instant offense while on parole and escaped from custody to avoid punishment. His record indicates a complete disdain for the requirements of a civilized society, to which defendant is clearly a danger.
The sentence is lawful and, under the circumstances, neither grossly disproportionate to the severity of the offense committed nor is it shocking to the sense of justice. Defendant is among the absolute worst of offenders for whom even a maximum sentence would be appropriate. There is no showing that the trial court abused its discretion in imposing the sentences for the crimes of conviction. Therefore, the sentences imposed are not constitutionally excessive.
Finally, defendant argues that his right to equal protection was violated and urges he should receive a lesser sentence because his accomplices were given lesser sentences. Kista, a juvenile at the time of this armed robbery, pleaded guilty to simply robbery and was given a sentence of seven years at hard labor, suspended. Marvin pleaded guilty to armed robbery and was given a sentence of 15 years at hard labor.
To prove a violation of the equal protection clause, one must show that the responsible person (here the judge) acted with discriminatory intent or purpose. State v. Edwards, 35,744 (La.App.2d Cir.2/27/02), 811 So.2d 233. No such circumstances are demonstrated or present in this case. As noted above, the sentences imposed are not grossly disproportionate to the severity of the offenses. This is especially true considering this defendant's unique background, character and propensities. The sentencing court appropriately tailored the punishment to the crimes, which is the intent of La. C.Cr.P. art. 894.1. The sentences imposed on co-defendants, whose participation was of a different degree and who have different backgrounds, do not affect our conclusion that the sentences are not violative of any constitutional rights.
We have examined the record for error patent and found none.
The conviction and sentence are AFFIRMED.
NOTES
[1] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Our review of the record indicates the trial judge adequately considered the guidelines of article 894.

Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, Sec. 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.