880 So.2d 899 (2004)
STATE of Louisiana
v.
Juan BROWN.
No. 04-KA-230.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 2004.
*900 Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate, New Orleans, LA, for Defendant/Appellant.
*901 Panel composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Defendant, Juan Brown, was charged in a bill of information on January 2, 2003 with second offense possession of marijuana in violation of LSA-R.S. 40:966(C). At approximately 2:30 p.m. on October 14, 2002, Deputies Tim Anclade and Keith Young, both of whom are with the streets crimes division of the Jefferson Parish Sheriff's Office, were on patrol in an unmarked Crown Victoria in the Shrewsbury area when they observed defendant trying to flag down a car in the street. They parked their vehicle and watched defendant for approximately ten minutes. During this time, they saw defendant attempt to flag down several cars. Each car slowed down but did not come to a complete stop. Thereafter, the deputies approached defendant, who quickly walked back to the porch of his home, and conducted a field interview.
The deputies ran defendant's name through a computer and discovered defendant had a traffic attachment. Defendant was subsequently arrested. Deputy Young then conducted a pat down search incident to defendant's arrest and discovered a small bag of marijuana in his right front pocket.
Prior to being transported to lockup, defendant asked the deputies to inform his grandmother, who was in the house, that he had food cooking on the stove. Deputy Young knocked on the door but no one answered. He then entered the home and was met in the kitchen area by defendant's grandmother. At trial, defendant's grandmother, Charlene Brown, testified for the defense. She claimed the police took the marijuana from the window sill of her living room and that it belonged to her.
After defendant was brought to lockup, the deputies ran his rap sheet and learned he had a prior conviction for possession of marijuana. He later pled not guilty and filed several pretrial motions. He proceeded to trial on October 22, 2003 and was found guilty as charged by a six-person jury. The trial court sentenced defendant to five years at hard labor. Defendant now appeals his sentence as excessive.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues his five-year sentence at hard labor is excessive. He claims he should not have received the maximum sentence for such a non-violent offense of "possession of a small amount of an illegal vegetative matter." He contends he is not the most blameworthy of offenders and his conduct is not the most egregious. The State responds that the trial court exercised its discretion in imposing a sentence within the sentencing range as fixed by the legislature. The State urges that the fixing of penalties is a legislative function and that only in rare cases can the judiciary declare a sentence within statutory limits to be excessive. Citing State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976; and, State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
We do note that the defendant failed to object to his sentence or file a motion for reconsideration of his sentence as required by LSA-C.Cr.P. art. 881.1. The failure to object to a sentence or comply with LSA-C.Cr.P. art. 881.1 limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Brown, 03-581 (La.App. 5 Cir. 11/12/03), 861 So.2d 644, 653, writs denied, *902 03-3407 (La.4/2/04), 869 So.2d 875, and 04-0049 (La.4/2/04), 869 So.2d 877.
Both the United States and the Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and a sentence will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068, 1069.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id.
The defendant received the maximum five-year sentence at hard labor for his second offense possession of marijuana conviction but did not receive any fine. LSA-R.S. 40:966(E)(2) provides that a person convicted of second offense possession of marijuana "shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both." Maximum sentences are appropriately imposed only for the most serious violation of the described offense and for the worst kind of offender. State v. Perrilloux, 03-917 (La.App. 5 Cir. 12/30/03), 864 So.2d 843, 854.
We find the defendant's five-year sentence is not excessive. In State v. Mayweather, 556 So.2d 200 (La.App. 2 Cir. 1990), the Second Circuit upheld a defendant's five-year sentence after he pled guilty to second offense possession of marijuana. The court noted that the defendant had one prior conviction for marijuana possession and had a current charge for marijuana distribution pending when he committed the present offense. The court further noted that the three offenses had occurred within a three year period. The court also noted defendant had several other arrests. Also, in State v. Herron, 506 So.2d 970 (La.App. 3 Cir.1987), writ denied, 512 So.2d 440 (La.1987), the Third Circuit upheld a defendant's five-year sentence for second offense possession of marijuana. The court noted the defendant had two prior drug-related convictions, had failed to respond to probationary treatment, and was the primary source of marijuana for young people in the area.
Although a presentence investigation was not conducted in this case, the record shows that the defendant was twenty years old when the present offense was committed. He committed the present offense within three months of being convicted of possession with intent to distribute *903 marijuana. The certified copy of his prior conviction shows the defendant was sentenced to five years at hard labor on July 15, 2002. His sentence was suspended and he was placed on three years of active probation. Thus, the defendant was on probation when he committed the present offense. Additionally, the deputies observed defendant attempting to flag down passing cars which suggests defendant may have been attempting to distribute the marijuana in his possession.
We find the trial court did not abuse its discretion in imposing the maximum jail sentence for defendant's conviction for second offense possession of marijuana. The defendant's involvement in drug activity was not curtailed by his prior conviction or his probationary treatment. We find the defendant's five-year sentence does not shock the conscience.

ASSIGNMENT OF ERROR NUMBER TWO
As requested by defendant, the record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no errors in this case.
In accordance with the above, the defendant's sentence is affirmed.
AFFIRMED.