914 So.2d 106 (2005)
STATE of Louisiana, Appellee
v.
Charlene HENDERSON, Appellant.
No. 40,257-KA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*108 William J. Franklin, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, William J. Edwards, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
WILLIAMS, Judge.
Originally, the defendant, Charlene Henderson, was charged by bill of information with second degree murder, a violation of LSA-R.S. 14:30.1. Pursuant to a plea agreement, the state filed an amended bill of information charging defendant with manslaughter, a violation of LSA-R.S. 14:31, to which defendant pled guilty, and there was no sentence recommendation. The district court imposed a sentence of 16 years at hard labor with credit for time served and denied both a timely motion to reconsider sentence and an untimely pro se motion for reconsideration. Defendant appeals her sentence as excessive, contending the district court failed to consider the sentencing guidelines. We affirm.

DISCUSSION
The record shows that on May 29, 2003, the defendant twice engaged in physical fights with the victim, Velma Sigure. After the first encounter, the defendant went home and changed from a dress to a shirt and pants and concealed a large knife in her clothes. Later during the second fight, the defendant stabbed the unarmed victim once in the chest with the knife. The victim died as a result of the stab wound. Defendant was identified as the assailant and was arrested. Subsequently, defendant pled guilty to manslaughter and the district court ordered a pre-sentence investigation ("PSI"). Defendant was sentenced to serve 16 years at hard labor.
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the court should have imposed a less severe sentence after considering the LSA-C.Cr.P. art. 894.1 guidelines.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even without full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense *109 and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Here, the district court expressly stated that it had reviewed the sentencing guidelines of Article 894.1. As mitigating factors, the court noted that the defendant was a first time felony offender and she had genuinely expressed remorse for her crime. However, the court also noted that the defendant was originally charged with second-degree murder and pled to an amended charge of manslaughter. The court pointed out that manslaughter is an enumerated crime of violence and that defendant used a large knife as a dangerous weapon against an unarmed victim. Additionally, the court reviewed the PSI report, which contained information about the important factors of defendant's age, her three children, employment history and the lack of a significant criminal record. However, the court was also aware that defendant had committed the most serious of offenses, the violent taking of another's life. This record demonstrates the district court adequately considered the Article 894.1 criteria.
The second inquiry is whether the sentence imposed is too severe based upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App. 2d Cir.2/27/02), 811 So.2d 176.
A district court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App. 2d Cir.4/2/97), 691 So.2d 345. A conviction of manslaughter is punishable by imprisonment at hard labor for not more than 40 years. LSA-R.S. 14:31(B).
Prior to imposing sentence, the court stated that it relied heavily on the PSI report and considered the facts of the case. Defendant has prior misdemeanor convictions of simple battery and disturbing the peace. Although the defendant is a first felony offender, and the court specifically considered the fact that the stabbing occurred during a fight, the court noted that defendant committed a crime of violence with a dangerous weapon by stabbing an unarmed victim to death. Additionally, as a result of the plea agreement, defendant received a substantial reduction in sentencing exposure from life imprisonment at hard labor without benefits to a maximum of 40 years at hard labor. The district court showed considerable leniency in sentencing defendant to serve less than one-half of the statutory maximum term for the offense of conviction.
After reviewing the record, we conclude that the sentence imposed is neither grossly disproportionate to the severity of the offense nor is it shocking to the sense of *110 justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.