927 So.2d 583 (2006)
STATE of Louisiana
v.
Lamont GROSS.
No. 05-KA-903.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
*584 Hon. Harry J. Morel, Jr., District Attorney, Twenty-Ninth Judicial District, Parish of St. Charles, Kim McElwee, Assistant District Attorney, Hahnville, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Defendant, Lamont Gross, was indicted by a grand jury on January 16, 2003 and charged with armed robbery in violation of LSA-R.S. 14:64. He pled not guilty then later changed his plea to not guilty by reason of insanity. A sanity hearing was held and defendant was found competent to stand trial. Defendant then changed his plea back to not guilty.
Trial was held on October 21, 2004. A twelve-person jury was selected, but then defendant withdrew his not guilty plea and pled guilty as charged as part of a plea agreement. According to the plea agreement, defendant agreed to plead guilty and the State agreed not to file a multiple offender bill as long as defendant received at least a 50-year sentence. Defendant pled guilty and was then sentenced to 75 years without benefit of parole, probation, or suspension of sentence.
According to the facts established during the plea colloquy and the sentencing hearing, on December 18, 2002, defendant walked into the Rousel's gift and jewelry shop in Boutte armed with a 9mm semi-automatic handgun. He ordered the store patrons into a back room and held a gun to the store manager/owner. He robbed the store of a large amount of jewelry. The police were waiting outside and arrested the defendant as he walked out of the store. The police had been alerted to the robbery by a cell phone call from a store patron inside the store. The police recovered jewelry and the handgun from defendant upon his arrest.

ASSIGNMENT OF ERROR NUMBER ONE
On appeal, defendant argues that his 75-year sentence for armed robbery is *585 excessive. He admits he entered into a plea agreement and he agreed to a minimum 50-year sentence. Defendant asserts that he entered into a plea agreement to avoid a mandatory life sentence as a third felony offender had the State filed a multiple bill, which it intended to do. Defendant argues that his 75-year sentence is equal to a life sentence, which he pled guilty to avoid. By this appeal, defendant does not contend his plea was involuntary and does not seek to set aside his pleas.
Defendant contends the trial court overlooked some mitigating factors and did not give adequate weight to the mitigating factors it did consider. Defendant points out that he has had a drug problem since age 12, has an anti-social personality disorder, suffers from depression, no one was injured during the robbery, and he was remorseful. Defendant also argues that the trial court improperly relied on elements inherent in the offense of armed robbery as aggravating circumstances.
During the plea colloquy, it was made clear that defendant was to receive a sentence of "at least" 50 years as part of the plea agreement and the State agreed not to multiple bill the defendant as a third felony offender. At the sentencing hearing, the trial court stated that it had considered the presentence investigation report, the report of Dr. Salcedo who was part of the sanity commission, and defendant's statement made at the sentencing hearing. The trial court listed the aggravating circumstances as 1) defendant knowingly creating a risk of death or great bodily harm to more than one person, 2) his use of threats of actual violence evidenced by pointing a gun at the victim, 3) his use of a 9mm handgun which is a dangerous weapon, and 4) the fact that he had prior similar offenses consisting of a 1990 armed robbery, a 1994 bank robbery, and a 2003 simple escape. The trial court listed the mitigating factors it considered as 1) defendant's methamphetamine problem, 2) his anti-social personality disorder diagnosed by Dr. Salcedo, 3) the fact that the victim was not injured, and 4) his expression of remorse. The trial court then imposed the 75 year sentence, noting the strongest factor in support of the sentence was the fact the present armed robbery was not the first time defendant had committed armed robbery.
According to LSA-R.S. 14:64, the sentencing range for armed robbery is 10 to 99 years at hard labor without the benefit of parole, probation, or suspension of sentence. As part of his plea agreement, defendant had agreed to a sentence of "at least" 50 years. Therefore, we find, considering defendant's prior criminal history and the factors discussed by the trial court, defendant's 75 year sentence is not excessive.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or impose needless and purposeless pain and suffering.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. The trial judge is afforded wide discretion in determining sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Brown, 04-230 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902. The issue on appeal is whether the trial court abused its discretion, not whether another *586 sentence might have been more appropriate. Id. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id.
In State v. Roberts, 36,271 (La.App. 2 Cir. 8/14/02), 823 So.2d 1100, writ denied, 02-2758 (La.9/5/03), 852 So.2d 1022, the Second Circuit upheld the constitutionality of the defendant's 75-year sentence for armed robbery. The defendant pled guilty to armed robbery after the State agreed not to charge defendant as a habitual offender. The defendant had a criminal history, including charges for armed robbery, burglaries, and theft. At the time of the subject offense, the defendant was on federal parole for burglary of a post office. The court found that defendant's sentence was not constitutionally excessive and noted the defendant's record indicated "a complete disdain for the requirements of a civilized society."
In this case, defendant's criminal history consisted of an armed robbery, a bank robbery, and simple escape. Defendant was on parole for a federal offense and was facing parole revocation. The trial court set forth various aggravating and mitigating factors it considered in imposing sentence and noted it gave greater weight to the fact that this was not the first armed robbery offense defendant had committed. Defendant agreed to a sentence of at least 50 years pursuant to the plea agreement, in order to avoid being multiple billed as a triple offender and facing a mandatory life sentence. Therefore, considering defendant's prior criminal history, we find the 75 year sentence is not constitutionally excessive.
Accordingly, defendant's sentence of 75 years without the benefit of parole, probation, or suspension of sentence is affirmed.
AFFIRMED.