NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-148

STATE OF LOUISIANA

VERSUS

PETER JAMES STEWART

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 4446-05
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Billy H. Ezell, and J. David Painter, Judges.

AFFIRMED.

David Kimball, Assistant District Attorney
District Attorney's Office
1020 Ryan Street
Lake Charles, LA 70601
Counsel for State of Louisiana

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
Counsel for Defendant-Appellant:
        Peter James Stewart

**PAINTER, Judge.**

Defendant, Peter James Stewart, pled guilty to manslaughter, a violation of La.R.S. 14:31, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). He was sentenced to ten years at hard labor, with credit for time served. Defendant appeals, arguing that the sentence is constitutionally excessive in his case. For the following reasons, we affirm Defendant's sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on the charge of second degree murder. Defendant made a *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) plea to the offense of manslaughter, a violation of La.R.S. 14:31. The facts, as stated to the trial court to support Defendant's plea of guilty, are as follows:

> This occurred on December 25th, Christmas Day, 2004. The [D]efendant and his wife stopped at the Gas Way, which is now an Exxon, on 171 and Moeling Street to get gas. His wife went inside to pay for the gas and the [D]efendant was pumping the gas. Well, as she came back to the vehicle--to the van, or SUV that they had--I think it was a Mercury Villager--then the victim made some comments about the [D]efendant's wife which the [D]efendant took offense to. He found it derogatory. He got very upset. There were some words exchanged. He went out into the middle of Moeling Street on the west side of 171, and he and the victim began fighting. They moved over to the grassy area by the Best Western or Richmond Suites Hotel by the fence there, and at some point during the altercation--during that fight, physical fight, or shortly before they got off of Moeling Street, the [D]efendant pulled out his pocket knife, opened it up[,] and stabbed the victim seven times, and then he dies [sic] as a result of those injures.

The trial court ordered a pre-sentence investigation report to be prepared for sentencing. The family members of the victim gave impact statements. Ultimately, the trial court sentenced Defendant to ten years at hard labor with credit for time served. Defendant then filed a motion to reconsider the sentence, asserting that the sentence was excessive under the circumstances of the case. The motion was denied without written reasons. Defendant now seeks review of the trial court's denial of his

1

motion to reconsider the sentence. For the following reasons, we affirm Defendant's sentence.

**DISCUSSION**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent in this case.

*Excessiveness of Sentence Claim*

As his sole assignment of error, Defendant asserts that the sentence of ten years at hard labor is unconstitutionally excessive in his case, considering that he was a first-time felony offender, that he had no significant criminal history, and that he was not the instigator of the incident. Further, Defendant points to the fact that because the offense is a designated crime of violence, he is required to serve at least eighty-five percent of the sentence before he is eligible for parole. La.R.S. 15:571.3(C)(1)(c).

The offense of manslaughter carries a range of imprisonment of up to forty years at hard labor. La.R.S. 14:31(B). Defendant was sentenced to one quarter of the potential term he could have received.

"Article 1 § 20 of the Louisiana Constitution of 1974 prohibits 'cruel, excessive, or unusual punishment.' Therefore, a sentence which falls within the statutory limits may nevertheless be excessive." *State v. Jordan,* 94-1012, pp. 10-11 (La.App. 3 Cir. 2/1/95), 650 So.2d 407, 412, *writ denied*, 95-564 (La. 6/30/95), 657 So.2d 1027. In *State v. Guzman,* 99-1528, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167, the supreme court stated:

> To constitute an excessive sentence, this Court must find that the penalty
> is so grossly disproportionate to the severity of the crime as to shock our

2

sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. *Id.* The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La.1985).

At sentencing, the trial court stated:

Mr. Stewart, prior to this coming up, your attorney asked me a question about the fact that potentially there was an alias for the victim in connection with this case, and there might be a criminal history for him. I indicated to him, and I'll indicate it to you, that in some respects the victim was responsible for the altercation between the two of you. You're entitled certainly to defend yourself, but you're not entitled to use excessive force. If he didn't have any weapons and you're not aware of any weapon, then you should not have any weapon, and it would have been a fist fight. I'm not aware that the victim had any weapon, and I've not been told that he had any weapons, or brandished a weapon or anything of that sort. It was just–

. . . .

I've also had the opportunity to review numerous letters from various family members, church members, and correspondence from Mr. Stewart himself concerning his activities in the jail, and those are commendable, about leading other folks who are in a similar situation such as himself.

I was impressed by the letters, by the prior history of Mr. Stewart. It lists several events of different types of cases that there is no known disposition of, involving drugs, a simple battery charge, that are closed, and there is no disposition.

One thing that kind of bothered me, and it was an aggravated battery in '04, and the notation was the charge was NPO'd that there was a good defense.

I got the impression that on occasion, that in the -- not on occasion, that in the statements that he gave to me and gave to the police, was that he maybe didn't realize that he had a knife on his hand or something like that.

There's a history of something with a knife, or with a weapon, so that kind of bothered me a little bit, although, I'm assuming that the pre-sentence report is correct, that the charges were dismissed, and that there was a good defense to the charge.

. . . .

3

As I indicated, I have reviewed the pre-sentence report. I have also reviewed the correspondence. I recollect what happened at the sentencing period of time, when we had testimony from the victim's family as well as from you, Mr. Stewart, and it was a very emotional time for all concerned. The parents-the mother, I think, forgave you, and you expressed thankfulness for that, and I appreciate that.

The victim--I mean the defendant in this case has been convicted of manslaughter, which was amended from second degree. The evidence indicates that the victim was stabbed seven times. This is basically after an altercation--or during an altercation brought about in some respects by the victim, and contributed to in some respects by the defendant, in saying that the victim disrespected him and disrespected his wife.

Defendant argues that the trial court should not have taken into consideration a prior altercation Defendant had with another man. Following the prior altercation, Defendant was charged with aggravated battery because he had stabbed the man during the fight. The charge was dismissed by the State because the man had been harassing Defendant and his family. At the sentencing hearing, the trial court allowed Defendant an opportunity to explain the incident. However, this same discussion came up at the guilty plea hearing. The State advised the trial court that while it did dismiss the charge because of the harassment by the victim in that case, Defendant had left his house and went into the street with a knife to confront the man in this case. At the guilty plea hearing, the State stated:

It's almost like he was looking for an opportunity to use that knife, or is very, very quick to pull it out. And he also brags on--not only on the tape, but also to some deputies in the jail that he's a third degree black belt, trained extensively in Martial Arts, and even made some comments, "I really didn't even need the knife," in the video here, so--

This court finds there was no error in the trial court considering the prior incident. In *State v. Bugbee*, 34,524, p.13 (La.App. 2 Cir. 2/28/01), 781 So.2d 748, 758, the second circuit stated:

In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. *State v. Jackson,* 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing

4

court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. *State v. Myles,* 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered, even in the absence of proof the defendant committed the other offenses. *State v. Anderson*, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40; *State v. Jones*, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810. Absent a defendant's assertion that he was falsely or mistakenly charged with an offense, the sentencing court may consider a dismissed charge as part of the defendant's criminal history, even when the dismissal forms part of the plea agreement. *State v. Cook,* 466 So.2d 40 (La.App. 2d Cir.1985); *State v. Daley*, 459 So.2d 66 (La.App. 2d Cir.1984), *writ denied,* 462 So.2d 1264 (La.1985).

Defendant further argues that the trial court should not have considered the facts that Defendant was armed with a weapon and that the victim was not as aggravating circumstances. Defendant argues that there is nothing in the law which prohibits a person from arming themselves to ward off what could be serious bodily injury or death.

At sentencing, defense counsel argued that the victim made statements to Defendant which could have been interpreted as meaning he (the victim) had a weapon. Defense counsel stated that he believed there were two steak knives found on the victim. However, there was nothing in the record to indicate that the victim introduced a weapon into the fight. Moreover, as the trial court noted, Defendant stabbed the victim repeatedly.

Defendant also argues that there were several mitigating factors which should have received more weight when fashioning his sentence. He showed extreme remorse. At the victim's impact hearing, Defendant begged for forgiveness from the victim's family and his own family. As noted by Defendant, even the State was impressed with the depth of his remorse. Defendant points out that it was the victim who provoked the fight. He was simply defending his wife's honor. Moreover, once the victim was injured, he and his wife attempted to help him and called 911, and upon arrival of the police, Defendant fully cooperated. Finally, Defendant argues his

5

imprisonment is placing a hardship on his family. He has four children, the oldest is twenty-two and the remaining three are in their teens. While acknowledging that some prison time is appropriate under the circumstances, Defendant argues that ten years at hard labor with no prospect of parole until he serves eight-five percent of the time is an unconstitutionally excessive sentence.

We find that the trial court did not abuse its considerable discretion when it sentenced Defendant to ten years at hard labor for the stabbing death of the victim. When reviewing a trial court's sentencing discretion, three factors should be considered: (1) the nature of the crime, (2) the nature and background of the offender, and (3) the sentence imposed for similar crimes by the same court and other courts. *State v. Brown,* 04-230 (La.App. 5 Cir. 7/27/04), 880 So.2d 899.

In *State v. Henderson*, 40,257 (La.App. 2 Cir. 10/26/05), 914 So.2d 106, the second circuit affirmed a sixteen-year sentence for manslaughter where the victim was stabbed once during a physical altercation. At sentencing, the trial court noted that Henderson was a first-time felony offender and was genuinely remorseful for her crime. Nonetheless, the trial court pointed out that the charge was second degree murder, a conviction which requires a life sentence, but Henderson pled guilty to manslaughter. The second circuit stated:

> Prior to imposing sentence, the court stated that it relied heavily on the PSI report and considered the facts of the case. Defendant has prior misdemeanor convictions of simple battery and disturbing the peace. Although the defendant is a first felony offender, and the court specifically considered the fact that the stabbing occurred during a fight, the court noted that defendant committed a crime of violence with a dangerous weapon by stabbing an unarmed victim to death. Additionally, as a result of the plea agreement, defendant received a substantial reduction in sentencing exposure from life imprisonment at hard labor without benefits to a maximum of 40 years at hard labor. The

6

district court showed considerable leniency in sentencing defendant to serve less than one-half of the statutory maximum term for the offense of conviction.

*Id.* at 109.

In *State v. Quiambao*, 36, 587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, *writ denied*, 03-477 (La. 5/16/03), 843 So.2d 1130, the second circuit affirmed Quiambao's twenty-year sentence for manslaughter. Quiambao, who had stabbed the victim to death during a fight, asserted the trial court did not give adequate consideration to the fact she was a first-time felony offender, that her imprisonment would impose a hardship on her three young children, and that the victim instigated the incident when he could have simply retreated. The trial court further considered for the record that Quiambao would have to serve eighty-five percent of the time without the possibility of parole. The trial court had stated it read the letters received on her behalf, noted her clean felony record except for some minor problems with the law, and noted that she had attempted CPR on the victim. Twenty years at hard labor imposed on a conviction for manslaughter in Quiambao's case did not shock the second circuit's sense of justice.

In the present case, during the victim's impact statement hearing, when it became uncertain whether Defendant knew he had to spend eighty-five percent of whatever sentence he received before he became eligible for parole, the trial court offered to let him withdraw his guilty plea, but Defendant wanted to continue with the proceedings. Furthermore, even though the victim was the aggressor in this matter, Defendant had the option of getting in his car and driving away. Even though it was Defendant's first felony conviction, it was the most serious of crimes, the taking of another's life. Defendant fought with a weapon when there was no evidence that the victim produced a weapon, and then stabbed the victim seven times.

7

Defendant received a substantial benefit when he pled guilty to manslaughter. He was charged with second degree murder and, had he been found guilty, Defendant would have spent the rest of his life in prison. While there may be a hardship imposed on his family, Defendant received only one fourth of the sentence he could have received. In comparison to the circumstances and the sentences given in similar cases, Defendant's sentence is not such that it shocks this court's sense of justice. We find that Defendant received a sentence that was commensurate with the circumstances of the case.

## DECREE

For the reasons stated, Defendant's sentence of ten years at hard labor is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.